JEWISH HOSPITAL ASSOCIATION OF
LOUISVILLE, KENTUCKY,
INC., Plaintiff,

v.

STRUCK CONSTRUCTION COMPANY,
INC., Whittenberg Engineering Company, Inc., Glenroy Construction Company,
Inc., Wilhelm Construction Company,
Inc. and other unnamed conspirators,
Defendants.

No. C 76–0426–L(B).

United States District Court,
W. D. Kentucky,
Louisville Division.

Jan. 10, 1978.

Irwin G. Waterman, Louisville, Ky., for plaintiff.

Kenneth J. Tuggle, Louisville, Ky., for Struck & Whittenberg.

Donald H. Balleisen, John S. Reed, II, Louisville, Ky., Douglass Shortridge, Indianapolis, Ind., for Glenroy.

Kent McElwain, Louisville, Ky., Gene Wilkins, Indianapolis, Ind., for Wilhelm.

## MEMORANDUM OPINION

BALLANTINE, District Judge.

This matter is pending on the motion of the defendant Glenroy to compel answers to 5 interrogatories which were propounded to the plaintiff, Jewish Hospital.

■ Interrogatory No. 16 seeks the names and addresses of "unnamed co-conspirators" referred to in the plaintiff's complaint. Plaintiff's answer seems to be that it doesn't know any more about the unnamed "conspirators" now than it did when this action was filed over 15 months ago. If this indeed be the fact, then plaintiff should be directed so to state.

■ Interrogatory No. 17 seeks discovery of any evidence which plaintiff has establishing a practice of complimentary bidding and withheld bidding. The answer sets out that a letter from Glenroy to the architects convinces plaintiff that the defendant's bid probably wasn't serious because the plaintiff believes, surmises or speculates that defendant was not equipped properly to proceed if it were awarded the contract. Plaintiff then adds the novel contention that if it discloses what it knows to the defendant, subsequent discovery by the plaintiff against the defendant will somehow be adversely affected. Plaintiff seems to treat defendant's motion to compel discovery as a motion for summary judgment. It is not. The Court knows of no authority, and has been cited to none that holds that one party is entitled to complete its discovery before its adversary may commence. Plaintiff should be directed fully to answer Interrogatory No. 17.

Interrogatory 18 seeks the same information as that sought in 17 insofar as it specifically relates to the defendant Glenroy. Plaintiff's answer is a terse "see answer to Interrogatory 17." The Court's ruling is "see the ruling on Interrogatory 17."

Interrogatory 19 contains 6 subparts labeled "a" through "f". These will be discussed seriatim.

■ 19a asks for information which plaintiff has relating to the existence or absence of activities on the part of all defendants that amounts to a fraudulent concealment. Plaintiff responds that to reveal the information it has will be detrimental to plaintiff's planned examination of the defendants' representatives. This position has already been held by the Court to be untenable. Plaintiff then alludes to criminal actions against certain contractors and broadly asserts that since some of these contractors would have been subcontractors on the Jewish Hospital project that *all* bidding has been tainted. If plaintiff has information to support this assertion, it should be compelled to disclose it.

Interrogatory 19b addresses the same question as 19a except that it limits the information sought to the defendant Glenroy. Plaintiff's answer adopts its answer to 19a, and the Court reaches the same conclusion as it did on 19a.

■ Interrogatory 19c asks what the plaintiff has done which would demonstrate that it has acted with due diligence in investigating the alleged violation of 15 U.S.C. Section 1. Plaintiff's answer, in effect, says that it doesn't understand the question. The Court agrees with the plaintiff that the question is overbroad and ambiguous and calls for a legal conclusion. Plaintiff should not be compelled to answer the interrogatory as framed.

■ Interrogatories 19d, e and f ask whether plaintiff has writings pertaining to 19a, b and c and, if so, who has them and where and when they may be examined. If such writings exist in plaintiff's possession, clearly they are discoverable and plaintiff should produce them.

■ Interrogatory 21 seeks discovery of any communication which plaintiff had with the Antitrust Division of the U. S. Department of Justice. Plaintiff's answer sets out that there was communication between its counsel and the Antitrust Division. Plaintiff asserts that this is privileged matter and not discoverable. It is axiomatic that communications between an attorney and his client are privileged. It is, however, well settled that the privilege does

not go beyond this purely personal relationship, and an attorney's communication to a third person, even though about his client's affairs, is discoverable. *United States v. Goldfarb*, 328 F.2d 280 (6th Cir. 1964).

 Plaintiff also urges that its counsel's work product is not discoverable. With this broad assertion the Court agrees. However, the privilege extends *only* to work product and not to documentary evidence submitted to or received from the Antitrust Division and plaintiff should be compelled to produce these documents.

An Order embodying the foregoing holdings has been entered. The allowance of counsel fees is mandatory if the Court finds no substance to the refusal of plaintiff to make discovery. In view of the complexity of this and companion litigation, the Court is unwilling to impose sanctions set out in F.R.Civ.P. 37(a), and defendant's motion for attorneys' fees will be denied.