Joseph E. CHIPANNO; Yolanda Des Brisay, Personal Representative of the Estate of Leslie O. Des Brisay, Deceased; W. Harley Boatsman; and Louis Rivas, Plaintiffs,

v.

CHAMPION INTERNATIONAL CORPORATION, a New York corporation; Willamette Industries Inc., an Oregon corporation; and Freres Lumber Company, Inc., an Oregon corporation, both individually and dba Freres Veneer Company, an Oregon joint venture, Defendants.

Civ. No. 79–1351–FR.

United States District Court, D. Oregon.

April 30, 1984.

Barnes H. Ellis, Karen K. Creason, Laurel S. Terry, Portland, Or., for defendant Champion Intern. Corp.

Norman J. Wiener, Portland, Or., for defendant Willamette Industries, Inc.

Thomas M. Triplett, Portland, Or., for defendant Freres Lumber Co., Inc. and Freres Veneer Co.

Roger Tilbury, C. Douglas Oliver, Portland, Or., for plaintiffs.

## ORDER

FRYE, District Judge:

Plaintiffs move the court to compel defendants Champion International Corporation (Champion) and Freres Veneer Company (Freres) to comply with an order of this court issued on January 23, 1984 regarding the production of documents by defendants. Defendant Champion opposes the motion, contending that the material sought is subject to another order of the court, also made on January 23, 1984, prohibiting discovery of defendants' work product. Both plaintiffs and defendant Champion request that the court impose sanctions for costs connected with this motion on the opposing party.

After reviewing the files and records herein, the court finds that it has not heretofore ruled on the issue of the *Hobin* trial material which plaintiffs seek to have defendants produce and that it must now determine whether production should be compelled.

Plaintiffs' notice to produce, dated January 13, 1984, requests that defendants Champion and Freres produce copies of the trial transcript, exhibits and legal memoranda from the *Hobin* litigation conducted in the Benton County Circuit Court in 1975. The *Hobin* suit involved the same tract of land that is the subject of this action as well as the testimony of plaintiffs Boatsman, Rives and Des Brisay. Defendant Champion states that no trial transcript has ever been prepared in the *Hobin* matter, but that counsel for defendants Champion did obtain transcriptions of the testimony given by plaintiffs Boatsman, Rivas and Des Brisay at the *Hobin* trial by requesting that the court reporter in attendance at the *Hobin* trial prepare a transcript of their testimony. Champion's counsel also states that she obtained the name of the court reporter from the files of the attorney who represented plaintiffs in the *Hobin* litigation. The transcribed portions of the *Hobin* trial obtained by Champion were prepared and obtained well after the filing of this action. In response to plaintiffs' notice to produce the *Hobin* material, defendant Champion has asserted the work product privilege.

▪ Production of trial preparation materials is governed by Rule 26(b)(3). Trial preparation materials include documents prepared for trial on behalf of another party's counsel. Fed.R.Civ.P. 26(b)(3). Even when a particular document comes within the work product doctrine, Rule 26(b)(3) only confers a qualified immunity from discovery, not a privilege. 8 Wright & Miller, *Federal Practice and Procedure* § 2024, at 210 (1970). In order to obtain discovery of materials prepared for trial, the materials sought must be relevant to the subject

matter involved in the pending action[1] and nonprivileged. Fed.R.Civ.P. 26(b)(3). In addition, the moving party must show (1) that he has a substantial need of the materials for preparation of his case and (2) that he is unable to obtain the substantial equivalent of the materials by other means without undue hardship. *Id.* When the material sought is a statement previously made by a party concerning the subject matter of the action, no showing of necessity is required. *Id.*

■ The first question the court must address is whether plaintiffs must make the showing of necessity required by Rule 26(b)(3) in order that the court may compel production of the *Hobin* materials. Plaintiffs argue that the *Hobin* transcript includes the testimony of plaintiffs Des Brisay, Boatsman and Rivas taken at trial in the state court suit in 1975 and, therefore, they may obtain copies of the transcript under Rule 26(b)(3) without being required to make any showing. For the purpose of the provision of Rule 26(b)(3) relating to prior statements of a party, a statement includes a "stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded." Fed.R.Civ.P. 26(b)(3)(B). Read literally, Rule 26(b)(3)(B) appears to include testimomy of a party taken in a previous trial that is. later transcribed. However, the history of the 1970 amendments to Rule 26(b)(3) indicates that the provision concerns prior statements by parties which they could not have access to prior to trial other than by production. *See* Adv.Comm. Notes, 28 U.S.C.A. Rule 26 at 159 (West 1972). Accordingly, the court finds that the *Hobin* trial transcript does not fall under the previous statement by a party provision of Rule 26(b)(3) in that the *Hobin*

trial was a public proceeding at which a court reporter made a record.

■ It remains to consider whether plaintiffs have met the showing required by Rule 26(b)(3). The court finds that the transcripts of the testimony of plaintiffs obtained by defendant Champion are not privileged in the sense that allowing production would involve a breach of attorney-client privilege or disclosure of the opinions, conclusions or legal theories of Champion's counsel. The transcribed portions of the *Hobin* trial are, nevertheless, materials obtained by Champion's counsel as part of preparation of the defense of this action and, therefore, may only be disclosed upon a showing of need by plaintiffs. Fed.R.Civ.P. 26(b)(3). The court finds that plaintiffs have demonstrated a substantial need of the *Hobin* trial transcript for preparation of their case. Defendants have quoted extensively from the *Hobin* trial transcript in the materials submitted with their motion for summary judgment.[2] However, the court also finds that plaintiffs have not met their burden of showing that they were not able to obtain a copy of the *Hobin* trial transcript without undue hardship. Plaintiffs' contention that they are not able at this time to obtain a transcript from the *Hobin* court reporter because he is on vacation does not demonstrate undue hardship. The affidavit of Champion's counsel shows that she obtained a transcript of portions of the *Hobin* trial in December of 1983 pursuant to a request made in November of 1983 and that she had obtained the name of the court reporter at the *Hobin* trial from the files of the attorneys who represented plaintiffs in the *Hobin* litigation in 1975. Plaintiffs have not explained how they were prevented from obtaining their own transcription of the *Hobin* trial at an earlier time.

Because the court has not previously considered the question of production of the

---

1. There is no dispute as to the relevance of the materials sought by plaintiffs.

2. Plaintiffs claim that defendants' use of verbatim portions of the testimony presented at the *Hobin* trial in their motion for summary judg-

ment constitutes a waiver of the work product privilege. Because the court had determined that the material is not work product, waiver is not an issue.

*Hobin* material, the court finds that defendant Champion has not failed to comply with an order of this court but that plaintiffs' motion to compel was not frivolous.

The motion to compel is DENIED.

The motions for sanctions are DENIED.