Nancy C. THORNTON, Administratrix
of the Estate of David E. Thornton,
Deceased, Plaintiff,

v.

CONTINENTAL GRAIN COMPANY
and Tech-Air, Inc., Defendants.

CONTINENTAL GRAIN COMPANY,
Third-Party Plaintiff,

v.

SYSTEMS ERECTORS, INC.,
Third-Party Defendant.

Civ. No. 83–3009.

United States District Court,
S.D. Illinois,
East St. Louis Division.

Dec. 5, 1984.

Rex Carr, Carr, Korein, Kunin, Schlichter & Brennan, East St. Louis, Ill., for plaintiff.

Jim Mendillo, Freeark, Harvey & Mendillo, David B. Stutsman, Walker & Williams, Joseph B. McDonnell, Churchill, Nester & McDonnell, Belleville, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court are Defendant Tech-Air's Motion to Compel (Document No. 55) and Third-Party defendant Systems Erectors, Inc.'s Motion to Compel (Document No. 64) both of which ask this Court to order production of statements in plaintiff's possession made by two witnesses present at the scene of the accident. These statements were taken by an investigator hired by the plaintiff's attorney. Both the defendant and Third-Party defendant argue that the witnesses' statements are discoverable as a matter of right pursuant to Fed.R.Civ.P. 26(b)(3). This section provides in part that "[A] party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party." *Id.* The defendant has submitted an affidavit indicating that the two witnesses were employees

of System Erectors and that System Erectors' majority owner was a minority owner of the defendant.

 A statement of an employee is discoverable as a matter of right pursuant to Fed.R.Civ.P. 26(b)(3) if said statement would be admissible in evidence against the employer corporation as a vicarious admission. See Wright & Miller, Federal Practice and Procedure: Civil § 2027 n. 8. Under Fed.R.Evid. 801(d)(2)(D) a statement is an admission of the employer if it was made "by his agent or servant concerning a matter within the scope of his agency or employment, [and] made during the existence of the relationship." Here, the statements were made by two employees of System Erectors, during the course of their employment. Therefore, the statements would constitute an admission of Systems Erectors under Fed.R.Evid. 801(d)(2)(D). Hence, they are discoverable pursuant to Fed.R.Civ.P. 26(b)(3) as a matter of right.

However, the two witnesses were not employees or agents of defendant Tech-Air. The mere fact that Tech-Air and Systems Erector have common shareholders is not enough to make employees of one company employees of the other. Accordingly, these two statements would not amount to admission of Tech-Air, and as a result, are not discoverable as of right pursuant to Fed.R.Civ.P. 26(b)(3). Tech-Air also contends, however, that the statements do not constitute the work-product of plaintiff's attorney and therefore are not protected under Fed.R.Civ.P. 26. The Court disagrees. Statements of witnesses taken by an attorney or his representative are work-product. *See Harper & Row Publishers, Inc. v. Decker*, 423 F.2d 487, 492 (7th Cir. 1970), *affirmed*, 400 U.S. 348, 91 S.Ct. 479, 27 L.Ed.2d 433 (1971). Therefore, the two statements are not discoverable as to Tech-Air unless Tech-Air can demonstrate that it has a substantial need for these statements. Tech-Air has failed to do so.

Accordingly, Tech-Air's Motion to Compel and For Costs (Document No. 55) is hereby DENIED. Systems Erectors' Motion to Compel (Document No. 64) is hereby

GRANTED. Plaintiff is hereby ordered to produce said statements for Systems Erectors within fifteen (15) days of the date of this Order.

IT IS SO ORDERED.