**Donald Byron BOHANNON, Plaintiff,**

v.

**HONDA MOTOR COMPANY LIMITED, et al., Defendants.**

**Civ. A. No. 87–2605–S.**

United States District Court, D. Kansas.

March 14, 1989.

See also 682 F.Supp. 42.

Arthur A. Chaykin, Joel Goldman, David R. Morris, Shamberg, Johnson, Bergman & Goldman, Chartered, Overland Park, Kan., Norman M. Iverson, Iverson & Iverson, P.A., Arkansas City, Kan., for plaintiff.

Douglas D. Sutherland, Baker & Sterchi, Overland Park, Kan., Thomas O. Baker, Evan A. Douthit, Peter F. Travis, Baker & Sterchi, Kansas City, Mo., for defendants.

### MEMORANDUM AND ORDER

GERALD L. RUSHFELT, United States Magistrate.

Under consideration is Defendant American Honda Motor Co.'s (Honda) Motion to Compel Discovery Responses (doc. 48). Pursuant to Fed.R.Civ.P. 37, Honda seeks to compel supplemental responses to Interrogatory 16 and Production Requests 1, 2, 3, 5, 6, 7, 11, 12 and 17. Plaintiff claimed to be unable to answer Interrogatory 16. He objected to the production requests as seeking work product or material protected by the collateral-source rule.

■ Interrogatory 16 asks plaintiff to describe with particularity the alleged defect in the Honda ATV vehicle that caused or contributed to the accident that allegedly caused plaintiff's injuries. Plaintiff responded that it would answer Interrog-

atory 16 when further discovery was completed. Plaintiff claims he must obtain the design, testing, and safety information requested from Honda before he can respond. He contends his expert must evaluate the material, before he specifically describes the defects in the Honda vehicle.

■ The court finds plaintiff's explanation insufficient to resist discovery. An interrogatory may properly inquire into a party's contentions in the case. *Hercules, Inc. v. Exxon Corp.*, 434 F.Supp. 136, 157 (D.Del.1977). Plaintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from Honda. Plaintiff must be aware of some defect in the vehicle which forms the basis of his own complaint. Accordingly, he has a duty to answer the interrogatory with whatever information he has. Fed.R.Civ.P. 26(e) provides ample procedure for supplementing a response, if necessary.

■ Production Requests 11 and 12 seek copies of documents, recordings or photographs that plaintiff contends support any allegation in the lawsuit. Plaintiff objected to production on grounds of work product. He raised numerous other objections in his memoranda. The court will disregard these later objections. They are untimely. Plaintiff did not assert them in his written responses to the discovery requests.

■ Plaintiff argues the vast majority of responsive documents were obtained through the ATV litigation group and are work product. These documents were selected from a large number of documents in the possession of the litigation support group. He argues that their disclosure would reveal counsel's opinions, mental processes, and legal theories. For authority plaintiff cites *Sporck v. Peil*, 759 F.2d 312, 316 (3rd Cir.1985), *Omaha Public Power Dist. v. Foster Wheeler Corp.*, 109 F.R.D. 615, 616 (D.Neb.1986), and other similar cases.

In order to qualify as work product under Fed.R.Civ.P. 26(b)(3) the material must be all of the following:

1. Documents and tangible things;

2. Prepared in anticipation of litigation or for trial;

3. Prepared by or for another party or by or for that other party's representative.

These documents were not "prepared by or on behalf of plaintiff." *Sporck* and other cases do hold that selection, grouping and synthesis of documents may, nevertheless, constitute work product. If the court follows those decisions, it must determine whether the documents were grouped, selected and synthesized in anticipation of litigation. In this case plaintiff contends "counsel obtained documents from the ATV litigation group after being consulted by Plaintiff Bohannon and for the sole purpose of preparing for litigation against Honda on his behalf." See Plaintiff's Response to Defendant American Honda Co's Motion to Compel discovery Responses, Doc. 52 at p. 5.

■ Plaintiff does not specify when the documents were obtained, whether they were obtained before or after suit was filed, or when his counsel learned that the vehicle in question may have a defect which contributed to or caused plaintiff's injuries. His bare conclusion, unsupported by affidavit or specific explanation, is all that supports his work-product objection. Plaintiff has not met his burden of establishing the material was grouped or synthesized in anticipation of litigation. Moreover, work product status does not apply to documents submitted to or received from a third party. *Jewish Hospital Ass'n of Louisville v. Struck Const. Co.*, 77 F.R.D. 59, 61 (W.D.Ky.1978).

Were the court to find the mere gathering of material constitutes work product, it would nevertheless find the material discoverable. Under Fed.R.Civ.P. 26(b)(3) a party may discover work product if the discovering party shows the following: (1) there is substantial need of the material in the preparation of his case; and (2) that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Work product reflecting the opinions, mental processes and legal theories of counsel, or "opinion work prod-uct" is immune from discovery in the absence of extreme need.

Plaintiff claims that counsel's selection of documents constitutes opinion work product. *United States v. Chatham City Corp.*, 72 F.R.D. 640, 643 (S.D.Ga.1976); *Sporck v. Peil*, 759 F.2d at 316. Some courts, however, have found the grouping of documents does not constitute opinion work product. *See San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007 (1st Cir.1988). There the court said:

> In *Sporck*, the majority emphasized that "[i]n selecting and ordering a few documents out of thousands, counsel could not help but reveal important aspects of his understanding of the case." 759 F.2d at 316 (quoting *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D.Del.1982)). This reasoning, we suggest, is flawed because it assumes that the revelatory nature of the sought-after information is, in itself, sufficient to cloak the information with the heightened protection of opinion work product. That is simply not the case; much depends on whether the fruits of the screening would soon be revealed in any event ...
>
> For these reasons, we rule that compelled disclosure of document lists under the district court's identification protocol does not implicate opinion work product and thus does not constitute an impermissible per se intrusion into the lawyer's protected zone of privacy.

*Id.* at 1018.

The court finds *San Juan* offers the sounder rule. Neither plaintiff nor his attorney generated these documents. They do not even contend that they themselves grouped or synthesized them. In fact, defendant prepared and produced them in previous litigation. The court does not find disclosure of these documents would disclose the mental processes of counsel. *Sporck* is otherwise distinguishable. It involved a trial exhibit list, generated by counsel in preparation for trial.

■ Plaintiff also argues it is necessary to withhold this information until later, in order to monitor future compliance

by defendant with discovery requests. He further argues these requests constitute a "documentary mini-trial" and that it is too early in discovery for plaintiff to be "put to his proof." Plaintiff also submits he had signed an agreement with the litigation support group not to disclose the materials to defense counsel. The court finds none of these arguments constitute a valid or sufficient objection to discovery requests. Plaintiff shall produce documents responsive to Production Requests 11 and 12.

Production Requests 1, 2 and 3 also seek materials generated by Honda and obtained by plaintiff through the litigation support group. Requested materials include documents, films, writings, correspondence, copies of transcripts of testimony, advertisements and brochures prepared by Honda. Plaintiff claims the material is work product. The cases plaintiff relies upon, however, are distinguishable. *Sporck*, as already noted, involved an exhibit list prepared by counsel. *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D.Del. 1982) involved the selection of a few documents out of thousands for review prior to counsel's deposition. *Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613, 616 (S.D.N.Y.1977) involved a notebook containing synthesis of the facts and factual issues. In each case counsel was significantly involved in the synthesis of the documents. In this case there is no indication disclosure of the documents would reveal counsel's synthesis or work product. Honda does not seek to discover counsel's selection of trial exhibits, selection of documents for depositions, or synthesis of the documents. It seeks to discover all documents responsive to Production Requests 1, 2 and 3 that have been obtained by plaintiff. The mere acquisition of documents from an unrelated third-party does not by itself impose upon them the status of work product. *Jewish Hospital Ass'n*, 77 F.R.D. at 61. At its core, the work-product doctrine exists to shelter the attorney's preparation and analysis of the case. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Even if the lawyer's synthesis of the documents were to constitute work product, the mere acquisi-

tion of such documents from a non-party does not create such a characteristic.

■ Honda also claims the documents that plaintiff may use at trial are discoverable as a matter of right. *Thornton v. Continental Grain Co.*, 103 F.R.D. 605, 606 (S.D.Ill.1984). *Thornton* held a corporate defendant was entitled to discover over work-product objections the witness statements of its employees. The transcripts of deposition testimony given and approved by employees of Honda, however, are discoverable "statements." Fed.R. Civ.P. 26(b)(3) defines "statement" as a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical electrical or other recording or transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded. Any other document requested which is within this definition is also discoverable.

■ Honda argues all documents which could constitute an admission by a party opponent under Fed.R.Evid. 801(d)(2) would also be a discoverable "statement." *Thornton*, 103 F.R.D. 606. C. Wright and A. Miller, Federal Practice and Procedure, Civil § 2027 n. 8 (1970). The definition of statement in Fed.R.Evid. 801(d)(2) is very broad. It provides, "A 'statement' is (1) an oral or written assertion or (2) non-verbal conduct of a person if it is intended by the person as an assertion." The court, however, declines to adopt a definition of "statement" separate or in addition to that set forth in Fed.R.Civ.P. 26(b)(3). *Thornton* and Wright & Miller, § 2027 were discussing what statements were admissible against corporate defendants. They did not indicate the definition of "statement" in Fed.R.Civ.P. 26(b)(3) should be expanded. Thus only those documents that would be "statements," as defined in Fed.R.Civ.P. 26(b)(3), are discoverable as a matter of right.

■ Plaintiff claims prior transcripts of testimony are not discoverable as they are equally accessible to the discovering party. Plaintiff asserted no such objection to the

requests, only an objection of work product. He cites *Chipanno v. Champion Intern. Corp.*, 104 F.R.D. 395, 397 (D.Or. 1984). *Chipanno* is distinguishable. In this case Honda would not be aware of which transcripts plaintiff has obtained. Plaintiff shall produce the transcripts, as well as the other materials sought by Requests 1, 2 and 3.

██ Production Requests 5, 6 and 7 seek copies of photographs, films or video tapes which depict the accident scene, the vehicle involved, or any subcomponent thereof, and plaintiff's injuries. Both the scene and the vehicle have undergone change since the accident. Plaintiff acknowledges possessing: (1) aerial views of the scene prior to its modification, which can be obtained from the county; (2) an artist's rendition of the scene prior to modification based on interviews with plaintiff and others familiar with it; (3) one photograph of the vehicle prior to its modification; (4) a video tape filmed by counsel, of the modified vehicle, the modified scene and an interview with the person who arrived at the scene after the accident.

Counsel for plaintiff states there are no photographs, films or video tape which depict or purport to depict any aspect of plaintiff's injury. Plaintiff objected to producing items 1 through 4 above on grounds of work product.

██ The court overrules plaintiff's work-product objection with respect to items 1 and 3 above. Plaintiff has not alleged these were prepared by his counsel or representatives enumerated in Fed.R. Civ.P. 26(b)(3). Moreover, if the materials were work product, the photo of the vehicle before modification would nevertheless be discoverable. Defendant Honda has a substantial need for this item, because the vehicle has been modified. The video tape and artist's rendition, on the other hand, were prepared for plaintiff to use in this litigation.

The court sustains plaintiff's work-product objection for the artist's rendition and the video tape. Plaintiff has qualified them as work product. If plaintiff designates these items as trial exhibits, defendant will have opportunity to inspect them before trial.

██ Production Request 17 seeks plaintiff's claims for insurance, any responses thereto, and all other documents reflecting receipt of disability, social security, or other similar benefits. Plaintiff objected to producing this information on the basis of the collateral source rule. In *Fretz v. Keltner*, 109 F.R.D. 303, 306 (D.Kan.1985) the court denied a motion to compel answers to interrogatories that inquired into insurance benefits received by plaintiff. The court reasoned the information would not be admissible. *Id.* at 306, 307. Honda claims the information is necessary in order to determine the severity of plaintiff's injuries and to discover phantom parties. Plaintiff did not timely object to Request 17 as overbroad or irrelevant. Although benefits from these collateral sources may not be admissible as evidence at trial, the request is reasonably calculated in part to lead to the discovery of admissible evidence. Discovery does not depend upon admissibility at trial. *Smith v. Schlesinger*, 513 F.2d 462 (D.C.Cir.1975). Accordingly, plaintiff shall produce his claims for insurance. They may disclose evidence regarding the nature and severity of his injuries. Responses to such claims and documents showing receipt of benefits, however, are not likely to lead to admissible evidence. Plaintiff need not produce those items. The court thus sustains in part and overrules in part the motion as to Request 17.

In summary, the court grants defendant Honda's motion to compel responses to Interrogatory 16 and Production Requests 1, 2, 3, 5, 6, 7, 11, 12 and 17, except the video tape, and artist's rendition, responses to collateral claims of plaintiff, and documents reflecting his receipt of benefits upon such claims as stated herein. Within 20 days of the date of this order plaintiff shall serve a response to Interrogatory 16 and produce the documents at the location requested, the offices of Baker and Sterchi, 2100 Commerce Tower, 911 Main Street, Kansas City, Missouri. The circumstances

do not merit an award of sanctions in connection with this motion.

IT IS SO ORDERED.

Dated at Kansas City, Kansas, this 13th day of March, 1989.