**SWARTHMORE RADIATION ONCOLOGY, INC., Oncology Services, Inc., and Oncology Associates, P.C., Plaintiffs,**

v.

**Melvyn J. LAPES, M.D., Alan E. Morrison, Andrew J. Solan, M.D., Riddle Memorial Hospital, and Taylor Hospital, Defendants.**

Civ. A. No. 92–3055.

United States District Court,
E.D. Pennsylvania.

March 31, 1994.

Allen D. Black, Arthur M. Kaplan, Michael Basch, Richard A. Koffman, Melinda L. DeLisle, Fine, Kaplan & Black, Philadelphia, PA, for plaintiffs.

Alan M. Sandals, Berger & Montague, P.C., PA, Edward C. Mengel, Jr., Susan Budnick, White and Williams, Philadelphia, PA, for Melvyn J. Lapes, Andrew J. Solan.

Norman E. Greenspan, Blank, Rome, Comisky & McCauley, Philadelphia, PA, for Alan E. Morrison.

Gordon W. Gerber,- Henry Kolowrat, Arthur Newbold, Caroline C. Packard, Dechert, Price & Rhoads, Philadelphia, PA, John T. Macartney, St. Davids, PA, George G. Gordon, Dechert, Price and Rhoads, Philadelphia, PA, for Riddle Memorial Hosp.

Thomas J. Lovelass, Kristina M. Kurjiaka, Barley, Snyder, Senft & Cohen, Christopher W. Mattson, Anne E. Doliner, Barley, Snyder, Senft & Cohen, Lancaster, PA, for Taylor Hosp.

David H. Weinstein, Kohn, Savett, Klein & Graf, P.C., Philadelphia, PA, for Richard M. Yelovich, M.D., David E. Cunningham, Ph.D., Terrence Sharett, M.D.

R. Bruce Morrison, Philip B. Toran, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for Medical Executive Committee of Taylor Hosp.

Fred Greenberg, Eckell, Sparks, Levy, Auerbach, Monte & Moses, Media, PA, for Dr. O'Dea, Dr. Morley, Dr. Wertheimer, Dr. Behbehanian, Dr. Purner, Dr. Carlucci, Dr. Galib, Dr. Brod.

Philip B. Toran, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for Gil Alderfer, M.D., Arthur Baker, M.D., Robert Chernoff, M.D., W.H. Erb, M.D., Alen S. Gabroy, M.D., Steven Gilman, M.D., Stuart Gordon, M.D., Annibal Herrera, M.D., David Kalodner, M.D., Donald Kasper, M.D., John Wade Seedor, M.D., Elmer Thompson, M.D.

Peter J. Hoffman, McKissock & Hoffman, P.C., Philadelphia, PA, for John W. Lawrence.

## MEMORANDUM

GAWTHROP, District Judge.

This case is once again graced with a discovery dispute—this one with some interesting wrinkles. Defendant, Riddle Memorial Hospital, has moved to compel the plaintiffs to answer certain discovery requests regarding potential witnesses. The plaintiffs assert that they have already provided most of the requested materials, and thus the majority of the motion is moot. They allege that the only genuine controversy surrounds the application of the work product doctrine to certain information sought by Riddle. Riddle, on the other hand, contends that the plaintiffs' responses were inadequate, and that the work product doctrine is inapplicable to the interrogatory to which the plaintiffs have declined to respond. Upon the following reasoning, I shall grant the motion, but only in part.

Interrogatory 6 of Riddle's second set of discovery requests that the plaintiffs:

Give the name and address of each physician (regardless of affiliation) and each other person (other than a current employee of yours) who has informed you (including your lawyers or people working for you or them) that (a) the person never heard of, or cannot recall hearing of, your Swarthmore cancer center, or (b) that the person does not think that any defendant, or anyone acting on behalf of any defendant, dissuaded anyone from sending patients to your Swarthmore cancer center, or (c) that the person does not know of anyone who was dissuaded from sending patients to your Swarthmore cancer center, or (d) that the person does not think that there was need for your center, or (e) that the person does not think your center was as good as Crozer–Chester or some other radiation therapy center; and for each such person, state whether the person falls in category (a), (b), (c), (d), and/or (e); and identify each document sent to the person and each document received from the person. (Exclude information obtained in depositions in this case.)

(Riddle's Mem. in Support of its Mot. to Compel at 3).

The plaintiffs object to the parenthetical instruction in line 4 of the interrogatory, which makes the discovery request applicable to the plaintiffs' lawyers or people working for them. They argue that this information is protected by work product immunity. Riddle contends, however, that the interrogatory is narrowly tailored to elicit facts only, which are not covered by the work product doctrine.

Riddle claims to have worded its interrogatory to avoid trenching upon protected information. In that regard, it does not request production of notes or memoranda prepared by the plaintiffs' attorneys. Instead it provides five statements and asks counsel to identify which witnesses, if any, made the statement(s) to the plaintiffs or their attorneys. The information that Riddle seeks to discover is the "fact" of each physician's lack of knowledge regarding, or negative opinion of, the Swarthmore center.

"[E]ither party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). In this antitrust context, where the doctors are functioning as observers of the medical industry rather than as medical experts, that a physician holds a particular opinion or viewpoint is a discoverable fact. It is not protected by the work product doctrine. The process of conveying that opinion to plaintiffs' attorneys does not transform it into work product. As one court explained:

Attorneys often refuse to disclose during discovery those facts that they have acquired through their investigative efforts and assert, as the basis for their refusal, the protections of the work product doctrine. Where such facts are concerned, as opposed to the documents containing them or the impressions and conclusions drawn from them, they must be disclosed to the opposing party in response to a proper request for discovery.

*Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 280 (D.Neb.1989) (quoting Wolfson, *Opinion Work Product—Solving the Dilemma of*

*Compelled Disclosure,* 64 Neb.L.Rev. 248, 256–57 (1985) (footnotes omitted)).

I think it fair game for Riddle's carefully crafted interrogatory to be answered, so long as the scope of the inquiry is limited so as to solicit only clearly expressed positions of the physicians. That is, if the physician said, "I do not think that there was need for your center," or words closely paralleling this statement, that, in my view, is a discoverable fact. On the other hand, if the person spoke generally about the various vicissitudes of the application of the law of supply and demand in the radiological oncological context in Delaware County, from which a thoughtful lawyer could draw the inference that the person felt there was not a need for this center, that would be protected work product. Such a conclusion, which had not been set forth by the declarant in so many words, would necessarily entail the mental impression of the lawyer. *See Sporck v. Peil,* 759 F.2d 312, 316 (3d Cir.) (opinion work product includes such items as the inferences an attorney draws from interviews of witnesses), *cert. denied,* 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985).

I recognize that there may be a gray area between fact and the lawyer's conclusions regarding facts. In answering the interrogatory, plaintiffs' counsel may distinguish between two types of interviews. The plaintiffs must disclose the names of doctors who informed them or their counsel of the things actually stated in the interrogatory. If, however, there were interviews wherein the attorneys, though not explicitly told, inferred from the totality of the conversation and circumstances, that the physicians held beliefs described in the interrogatory, counsel need not so disclose. Because defendant's interrogatory comes close to touching protected material, if counsels' notes or recollections are not sufficiently precise to enable them to reasonably determine whether or not a physician made an explicit statement, counsel may err on the side of nondisclosure.

■ Interrogatory 6 also requests that the plaintiffs identify each document sent to and received from the person interviewed. Riddle acknowledges that this aspect of its request may implicate the work product doc-

trine. Should plaintiffs assert objections based on work product, defendant Riddle is reminded that the "selection and compilation of documents by counsel . . . in preparation for pretrial discovery," in many circumstances constitutes protected opinion work product. *Sporck,* 759 F.2d at 316.

■ Interrogatories 2–4 of Riddle's first set of discovery seek information regarding physicians who were dissuaded by defendants and non-defendants from referring patients to the Swarthmore Cancer Center. Specifically, these interrogatories state:

2. When you filed your amended complaint, did you have any information that any non-defendant who has not referred or would not refer a patient or patients to the Center was or had at some point been actually inclined to make such referral(s), but was dissuaded from that by a defendant? If yes, for each such dissuaded non-defendant:

a. Identify the dissuaded non-defendant and the person who did the dissuading;

b. To the extent that the information came to you in whole or in part in a document, identify each document containing or referring to any of the information;

c. To the extent that the information came to you in whole or in part orally, summarize it, identify the source from which you got it, and identify each document noting or referring to the information.

3. Answer interrogatory 2 for each instance where the dissuading was done by another non-defendant, whether or not a physician, hospital, or some other individual entity.

4. Answer interrogatories 2 and 3 as to information you have acquired since the filing of the amended complaint.

(Riddle's Mem. in Support of its Mot. to Compel at 7).

The plaintiffs responded that they "believe all referring physicians at Taylor and Riddle hospitals were dissuaded by defendants and their co-conspirators from referring patients

to the Swarthmore Cancer Center." (Pls.' Supplemental Responses to Def. Riddle's Discovery Requests). Plaintiffs' earlier response lists the evidence which they claim indicates "that physicians had been dissuaded by defendants." (Pls.' Supplemental Responses to Def. Riddle's First Set of Discovery). Riddle's objections stem from the plaintiffs' failure to identify direct evidence that any individual had had an affirmative intent to refer to the Swarthmore center prior to the alleged dissuasion by the conspirators.

From the evidence listed in their response, none of which is direct, a verbal smoking gun, the plaintiffs seem instead to infer that referrals would have occurred but for the alleged dissuasion. That this evidence would have led Riddle to draw a different inference regarding the normal occurrence of referrals, thereby arriving at a contrary conclusion as to why the referrals did not occur, does not make plaintiffs' responses evasive. Where a party's information is not based upon personal knowledge, "he may give his belief or understanding." 8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2177 at 563 (1970). Thus, the plaintiffs' responses are adequate.

■ Next, Riddle asserts that the plaintiffs' answers to Interrogatories 19 and 20 of Lapes/Solan's first set of interrogatories [1] are unresponsive and should be supplemented. These interrogatories state:

19. Identify each person or entity whom you contend was, at any time, a co-conspirator with any of the defendants in the activities alleged in the complaint. As to each person or entity identified, state the time period when and manner in which that person or entity participated in the alleged conspiracy.

20. To the extent that you contend that there are or were conspirators whom you are unable to identify specifically in response to the preceding interrogatory, state all information which you currently have about those alleged conspirators, including without limitation whether or not

they are physicians, if physicians what specialty or specialties they practice, where they are located geographically, how many of them there are, whether they participated in the conspiracy at all times or for only a limited time, the way in which they participated in the conspiracy and with what hospitals they are affiliated as members of the staff or otherwise.

(Riddle's Mem. in Support of its Mot. to Compel at 9). To supplement the plaintiffs' previous responses, Riddle seeks an answer which identifies the co-conspirators by giving their names and addresses (other than the defendants and the two previously named co-conspirators). (Riddle's Proposed Order of March 16, 1994).

Although the law on this question is sparse, a few courts have addressed it. In each instance, where the inquiring party has so requested, the court has required the recipient to identify alleged co-conspirators. In *In Re Folding Carton Antitrust Litigation*, 83 F.R.D. 260, 267–68 (N.D.Ill.1979), the court stated:

Interrogatory 12 seeks identification of co-conspirators.... Because discovery has been completed except for supplemental depositions, answer to this interrogatory is now required. In addition, plaintiffs are to supplement their interrogatory answer if additional information identifying co-conspirators is obtained through the remaining depositions.

*See United States v. Renault, Inc.*, 27 F.R.D. 23, 30 (S.D.N.Y.1960) ("Plaintiff is directed to serve a more specific answer to ... interrogatory [seeking] identification of all conspirators who were not made defendants. Plaintiff will either supply names and addresses or will designate and identify those documents ... in which such names and addresses are to be found."); *cf. Boerstler v. American Medical Ass'n*, 16 F.R.D. 437, 449 (N.D.Ill. 1954) (granting motion for more definite statement so that amended complaint must include names of co-conspirators who allegedly violated the Sherman Act).

Mem. in Support of its Mot. to Compel at 9 n. 6).

---

**1.** These interrogatories were adopted by Riddle in its Second Set of Interrogatories. (Riddle's

■ To the extent that a party is unable to respond because it lacks knowledge, it must acknowledge this circumstance. In *Jewish Hospital Ass'n v. Struck Constr. Co.*, 77 F.R.D. 59, 60 (W.D.Ky.1978), the court stated:

> Interrogatory No. 16 seeks the names and addresses of "unnamed co-conspirators" referred to in the plaintiff's complaint. Plaintiff's answer seems to be that it doesn't know any more about the unnamed "conspirators" now than it did when this action was filed over 15 months ago. If this indeed be the fact, then plaintiff should be directed to so state.

It is clear from the plaintiffs earlier responses that they anticipated learning the names and addresses of additional co-conspirators. (*See* Pls.' Supplemental Responses to Defs. Lapes and Solan's First Set of Interrogatories at 4). The plaintiffs supplemented these responses on February 28, 1994, stating, "At present, plaintiffs are unable to identify additional co-conspirators beyond those identified in plaintiffs' previous interrogatory answers." (Pls.' Supplemental Responses to Def. Riddle's Discovery Requests). This is sufficient under the law. Should the plaintiffs later learn the identities of additional alleged co-conspirators, supplemental responses must be provided to the defendants. *See* Fed. R.Civ.P. 26(e)(3).

An order follows.

### ORDER

AND NOW, this 31st day of March, 1994, upon consideration of Riddle's Motion to Compel Plaintiffs to Answer Discovery Concerning Potential Witnesses, and all responses and replies thereto, it is hereby ORDERED that:

1. Plaintiffs, within seven (7) days of the date of this Order, shall answer interrogatory 6 of Riddle's second (July 23, 1993) set of discovery consistent with the attached Memorandum, and subject to claims of privilege or work product, produce the documents sought to be identified by the interrogatory;

2. Plaintiffs shall supplement their previous responses to interrogatories 19 and 20 of the Lapes/Solan first (December 14, 1992) set

of interrogatories if they identify any co-conspirators not previously named to the defendants.