**Merilyn COOK, et al., Plaintiffs,**

v.

**ROCKWELL INTERNATIONAL CORPORATION, a Delaware Corporation, and The Dow Chemical Company, a Delaware Corporation, Defendants.**

Civ. A. No. 90–K–181.

United States District Court,
D. Colorado.

April 12, 1995.

Bruce H. DeBoskey, Steven W. Kelly, Silver & DeBoskey, Denver, CO.

Ronald Simon, Connerton, Ray & Simon, Washington, DC.

Joseph J. Bronesky, Christopher Lane, Sherman & Howard, Denver, CO.

Merrill Davidoff, Berger & Montague, Philadelphia, PA.

Louis W. Pribila, The Dow Chemical Co., Midland, MI.

Robert Golten, Boulder, CO.

Mark S. Lillie, John A. DeSisto, Kirkland & Ellis, Denver, CO.

Douglas J. Kurtenbach, Kirkland & Ellis, Chicago, IL.

Dick Kaufman, Ass't U.S. Atty., Denver, CO.

Patrick Hanlon, Washington, DC.

Stanley M. Chesley, Waite, Schneider, Bayless & Chesley, C.P.A., Cincinnati, OH.

Daniel R. Satriaxna, Sean R. Gallagher, Hall & Evans, Denver, CO.

R. Bruce McNew, Wilmington, DE.

Peter R. Nadel, Gorsuch Kirgis, DC.

Frank P. Dickson, Jr., Los Alamos Nat'l Laboratory, Los Alamos, NM.

David Kreutzer, Boulder, CO.

Kenneth A. Jacobsen, John D. Stoner, Christopher T. Reyna, Chimicles, Jacobsen & Tikellis, Haverford, PA.

Phyllis Knight, Denver, CO.

## ORDER REGARDING MOTION FOR RECONSIDERATION

KANE, Senior District Judge.

Before me is Plaintiff's motion for reconsideration of the minute order entered on February 22, 1995, granting Defendant Rockwell International Corporation's motion to compel production of documents from Plaintiffs. I deny the motion.

Rockwell's motion to compel was dated and served February 16, 1995. Plaintiffs had not filed a response when I issued the minute order. On March 7, 1995, Plaintiffs filed their motion for reconsideration. Rockwell obtained leave to file a memorandum in opposition.[1]

Before the February 22, 1995 minute order, Plaintiffs refused to provide any substantive response to Rockwell's Requests which were served on May 31, 1994. Instead, Plaintiffs filed blanket objections to all of the Requests to the effect that: (1) Rockwell's "contention-style discovery" was "premature" (2) and, as a consequence, "unduly burdensome;" (3) most of the Requests will be the subject of expert testimony; and (4) production of the requested documents will be the subject of expert testimony; and (4) production of the requested documents would be "invasive of Plaintiffs' counsel's work product" or violative of attorney-client privilege.

Rockwell's Requests served on May 31, 1994 and its motion to compel sought: (1) the production of documents that Plaintiffs have not disclosed; (2) the production of a privilege log, as required by Fed.R.Civ.P. 26(b)(5), identifying those documents Plaintiffs are withholding from production; and (3) "contention-style" discovery of documents Plaintiffs consider relevant to certain of their assertions and the issues in this lawsuit.

 In their motion for reconsideration of the minute order, Plaintiffs request me to vacate the order in its entirety and to deny Rockwell's motion to compel. Plaintiffs' first contention is that there are no more documents to be produced because "Rockwell already possesses, or plaintiffs have already agreed to produce virtually every document in Rockwell's motion." (Pls.' Memo.Supp.Mot.Recons. at 2.) Before the

---

1. Magistrate Judge Borchers has scheduled oral argument on all pending discovery motions for April 24, 1995. Pending before Magistrate Judge Borchers are two motions of Dow to compel answers to interrogatories. Plaintiffs maintain there is a substantial similarity between the motions of Rockwell and Dow and requested that oral argument regarding them be scheduled simultaneously. However, since Plaintiffs' motion for reconsideration concerning Rockwell's motion is pending before me and I do not think oral argument will assist me, I am ruling now before Magistrate Judge Borchers entertains oral argument.

minute order, Plaintiffs had only made blanket objections to the Requests and had not agreed to produce a single document. Subsequent agreement by Plaintiffs to produce certain documents does not constitute a valid ground on which to vacate the minute order.

■ The fact that the moving party is already in possession of documents it seeks to obtain by inspection, is not necessarily a sufficient reason for denying discovery. *See Weiner v. Bache Halsey Stuart, Inc.,* 76 F.R.D. 624, 625 (S.D.Fla.1977). "[T]he purpose of the discovery rules is not only to elicit unknown facts, but also to narrow and define the issues, and for this purpose it is often necessary to use discovery about known facts." 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure,* § 2014 (1994).

■ Plaintiffs' other contention in its motion for reconsideration is that the Requests constitute "expert discovery" which is premature under the court's scheduling order. Plaintiffs refer to Requests numbered 10 and 11 which relate to conclusions reached by ChemRisk, the phase one contractor for the reconstruction project commissioned by the Colorado Department of Health. Request 10(a) asks:

> If you dispute any of the following statements by ChemRisk, produce all documents that support, contradict or relate to your position:
>
> a. "[I]nformation obtained on a number of the materials of concern has indicated that based on the nature of their use and potential for release they do not warrant further investigation from the standpoint of potential off-site impacts. These include: Benzene, Cadmium Compounds, Chromium Compounds, Formaldehyde, Hydrazine, Lead Compounds, Mercury, Nickel Compounds, Nitric Acid" (Task 3

& 4 Final Draft Report at 256 (August 1992)).

(Mem.Supp. Rockwell's Mot. Compel Produc. Docs., Ex. 1 at 13.)

Plaintiffs state this request relates to the identification of which hazardous substances used at Rocky Flats may have caused harm to the surrounding community. Plaintiffs argue they can identify the hazardous substances at issue only through their experts and that, per the scheduling order, Plaintiffs' experts are not required to express an opinion about whether any substance should be at issue in this litigation until May 5, 1995.[2]

Request 11 asks Plaintiffs to provide relevant documents if they disagree with ChemRisk's conclusions as to the level of routine releases of various radionuclides and volatile organic compounds that ChemRisk investigated. Plaintiffs again argue they cannot respond to this Request without consulting their experts and therefore the document request seeks expert opinions.

Similarly, Plaintiffs maintain Requests 1 through 9, 15 and 17 all "involve complex scientific issues that must be addressed through expert testimony." (Pls.' Memo.Supp.Mot.Recons. at 7.)[3] Requests 1, 2, 9, 15 and 17, quote specific allegations that Plaintiffs have made in documents filed with the court and ask Plaintiffs to identify those documents which relate to the quoted assertions. Requests 7 and 8, like 10 and 11 discussed above, request documents relating to Plaintiffs' claims that Rockwell allowed significant toxic emissions from the Rocky Flats Plant. Requests 3–6 seek documents relating to Plaintiffs' claims that Rockwell breached relevant standards of care in connection with its management of the Rocky Flats Plant.

In Rockwell's initial memorandum in support of its motion to compel production of documents, it cites two cases, *Bohannon v.*

---

2. The approved scheduling order provides on May 5, 1995: "Status conference at 2 p.m. in Courtroom C–401 plaintiffs identify hazardous substances at issue; all parties identify planned testimonial experts and subject of expected experts' testimony." (Scheduling Order attached to Court's Min. Order Jan. 4, 1994.)

3. In their motion for reconsideration, Plaintiffs state they "will identify documents in response to Requests 14(a) and 16; and will consider withdrawing or limiting their claim for legal 'response costs' under CERCLA (the subject of Rockwell request number 13)." (Pls.' Memo.Supp.Mot.Recons. at 7 n. 11.) Plaintiffs do not mention Requests 12, 14(b), 18, and 19 in their motion for reconsideration.

*Honda Motor Co.,* 127 F.R.D. 536 (D.Kan. 1989) and *King v. E.F. Hutton & Co.,* 117 F.R.D. 2 (D.D.C.1987). These cases hold that even if complete answers to discovery requests may require the answering party to consult with experts, such considerations do not transform permissible factual discovery into "expert discovery." In their motion for reconsideration, Plaintiffs do not rebut *Bohannon* or *King;* nor do they cite any authority in support of their position.

In *Bohannon,* plaintiff sought to avoid answering an interrogatory question asking him to "describe with particularity the alleged defect in the Honda ATV vehicle" that allegedly caused his injuries, arguing that the question would require his expert to evaluate the material in his possession. The court rejected that position, noting:

> An interrogatory may properly inquire into a party's contentions in the case. *Hercules, Inc. v. Exxon Corp.,* 434 F.Supp. 136, 157 (D.Del.1977). Plaintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from Honda. Plaintiff must be aware of some defect in the vehicle which forms the basis of his own complaint. Accordingly, he has a duty to answer the interrogatory· with whatever information he has. Fed.R.Civ.P. 26(e) provides ample procedure for supplementing a response, if necessary.

*Bohannon,* 127 F.R.D. at 538.

In *King,* a securities fraud and civil RICO action, plaintiffs were asked to describe with particularity the components of every loss alleged in the complaint, the amount of each component and how the amount was determined. Plaintiffs objected that the methodology for calculation of their losses would be provided by their contemplated expert witness and described the interrogatories as contention interrogatories which need not be answered with completeness until a formal pretrial conference or even at a later time. The *King* court rejected plaintiffs' objections, stating:

> It is no answer for plaintiffs to assert they will need discovery or to consult with an expert to determine their losses. They should have answered the interrogatories with such information as they then possessed, and pursuant to Rule 26(e), F.R.Civ.P. the plaintiffs have the option, indeed even the duty, to supplement their answers to these interrogatories to reflect refinements or corrections to the factual representations as to their asserted losses up to the time of the final pretrial conference under Rule 16, F.R.Civ.P.

117 F.R.D. at 5.

The principles in *Bohannon* and *King* apply here. Rockwell's requests seek to discover the factual bases and documents relevant to allegations Plaintiffs have made in the course of this litigation. Although Plaintiffs may need to consult their experts before responding to the Requests, this does not excuse them from responding to the Requests with the information they possess. They may later supplement their responses under Federal Rule of Civil Procedure 26(e). Accordingly,

IT IS ORDERED THAT Plaintiffs' motion for reconsideration of the minute order granting Rockwell's motion to compel production of documents is DENIED.

