PEARSON, Judge.
We are presented with a petition for writ of certiorari to review an order of the trial court which limited discovery sought by the plaintiff. The petition urges that the trial court departed from the essential requirements of law in holding that all internal corporate communications are privileged.[1] Conversely, the respondents contend that the trial judge was correct because (a) the petitioner proceeded improperly in the trial court by resorting to a notice of taking deposition duces tecum in order to obtain documents which were not properly subject to discovery under Rule 1.350, RCP, 30 F.S.A., as amended effective January 1, 1973 (Fla., 265 So.2d 21); (b) the scope of the demand contained in the notice was so broad as to require a protective order; and, (c) the notice improperly directed individual defendants to produce corporate documents. The respondents have not been able to come forward with precedent holding that all intracorporate documents are privileged, and we have found no precedent.
The petition for writ of certiorari will be granted and the order quoted is quashed. This action shall be without prejudice to further proceedings before the trial judge to determine whether the alternative grounds for the protective order advanced by the respondents are applicable, and to the granting of such a protective order if the trial court finds said grounds applicable.
It is so ordered.

. The protective order was in pertinent part as follows:
“ORDERED AND ADJUDGED that the Motions for Protective Order heretofore filed by EDWARD W. KOZIAD and JOSEPH A. BOYD be, and the same are, hereby granted insofar as they relate to any internal communications within the defendant corporations as the same would be privileged information and constitute work product; the said EDWARD W. KOZIAD and JOSEPH A. BOYD shall be required to respond to the notice of the taking of their depositions, duces tecum, by way of producing any records, correspondence or any memoranda of communications between Datacraft Corporation, Harris-Intertype Corporation and Recognition Equipment, Inc.”
:¡í H* % s*s