330 So.2d 737 (1976)
HOSPITAL CORPORATION OF AMERICA, d/b/a North Florida Regional Hospital, Petitioners,
v.
Glenda Ann DIXON, Individually, As Wife and As Legal Guardian of John Judd Dixon, a Mental and Physical Incompetent, Respondents.
No. AA-344.
District Court of Appeal of Florida, First District.
April 28, 1976.
*738 Richard T. Jones, Jones & Ritch, Gainesville, for petitioners.
Gerald D. Schackow, Joe C. Willcox, Gainesville, and John R. Saalfield, Jacksonville, for respondents.
SMITH, Judge.
By petition for certiorari the hospital asserts the trial court departed from essential requirements of law in ordering produced for inspection by plaintiff "all Incident Reports" prepared by the hospital from February 1973 until the date of the order, December 1, 1975, "regarding incidents where patients fell from their beds and wheel chairs while in the hospital... ."
The material requested is relevant. Rule 1.280(b)(1), R.C.P. The question is whether the incident reports are privileged documents prepared in anticipation of litigation by the hospital for its insurer and so are discoverable only on a showing that plaintiff has need of the materials in preparation of her case and is unable without undue hardship to obtain a substantial equivalent of the reports by other means. Rule 1.280(b)(2), R.C.P. In the absence of evidence supporting the hospital's assertion that the documents are of a privileged nature, we are unable to fault the trial court for failing, if in fact the court did fail, to require that plaintiff make the showing specified by Rule 1.280 as amended in 1972. Surette v. Galiardo, 323 So.2d 53 (Fla.App. 4th, 1975). The petition is
DENIED.
MILLS, Acting C.J., and CAWTHON, VICTOR M., Associate Judge, concur.