402 So.2d 1361 (1981)
HARTFORD ACCIDENT & INDEMNITY COMPANY and Publix Supermarkets, Inc., Petitioners,
v.
Bonita Marie McGANN and Brian John McGann, Her Husband, Respondents.
No. 81-1161.
District Court of Appeal of Florida, Fourth District.
September 2, 1981.
*1362 Kent S. Pratt for Richard H. Gaunt, Jr., of the Law Offices of Frank G. Cibula, Jr., West Palm Beach, for petitioners.
N. Richard Schopp, Port Lucie, for respondents.
PER CURIAM.
Petitioners seek review by certiorari of a discovery order entered by the trial court in a personal injury case arising out of a slip and fall in a super market.
Respondents filed a complaint alleging that Bonita Marie McGann was injured in a super market owned by Publix Supermarkets, Inc., when she slipped and fell as a result of the negligence of the owner. Respondents filed a request to produce, in which, among other things, they sought production of "a copy of all statements taken by the employees or agents of Publix Supermarkets, Inc., concerning Bonita Marie McGann's accident on July 11, 1980." Petitioners' objection to said request on the grounds that the alleged statements were "work product" was overruled by the trial court.
The request to produce is authorized by Florida Rule of Civil Procedure 1.350. It is to be noted via the Committee Note that this rule no longer contains the good cause requirement of the former rule. Thus, if no objection is made, production is had without a court order. If objection is made necessitating a court hearing, then in the case of a party objecting on grounds of the work product privilege, that party has the burden, first of showing the privilege. Surette v. Galiardo, 323 So.2d 53 (Fla. 4th DCA 1975); Hospital Corporation of America v. Dixon, 330 So.2d 737 (Fla. 1st DCA 1976). At that point it would be incumbent upon the moving party to demonstrate the necessity for the production as required in Rule 1.280(b)(2), i.e., that he has a need of the materials in the preparation of his case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.
It seems to us that petitioners failed to demonstrate that the statements were privileged and thus they cannot contend in this court that respondents failed to show the necessity required by Rule 1.280(b)(2). Hospital Corporation of America v. Dixon, supra.
Accordingly, the petition for writ of certiorari is denied.
LETTS, C.J., and DOWNEY and HERSEY, JJ., concur.