544 So.2d 1133 (1989)
WASTE MANAGEMENT, INC. OF FLORIDA and Nichols Sanitation, Inc., Petitioners,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Respondent.
No. 89-0506.
District Court of Appeal of Florida, Fourth District.
June 14, 1989.
*1134 Edward D. Schuster of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for petitioners.
G. Bart Billbrough of Walton Lantaff Schroeder & Carson, Miami, for respondent.
STONE, Judge.
The defendants in a negligence action seek a writ of certiorari for the review of an order compelling the production of photographs taken by the defendants' investigator, statements of witnesses taken by defendants' agents, and the defendants' correspondence concerning the damage to its property. The defendants contend that the request encompasses work product.
The trial court made no findings, but, rather, ended its inquiry and overruled petitioners' objections because counsel for the petitioners, after objecting to the respondent's discovery request, on the same date served a request for discovery on the respondent for the exact same production. The only other reason given for the court's order was the failure of the defense to cite caselaw demonstrating the validity of the objection to production.
Superficially, on our limited record, much of the requested material does appear to include work product. Compare Shell v. State Road Dept., 135 So.2d 857 (Fla. 1961); Atlantic Coast Line R. Co. v. Allen, 40 So.2d 115 (Fla. 1949); Sears, Roebuck and Co. v. Scott, 481 So.2d 968 (Fla. 4th DCA 1986); Karch v. MacKay, 453 So.2d 452 (Fla. 4th DCA 1984); Florida Power & Light Co. v. Limeburner, 390 So.2d 133 (Fla. 4th DCA 1980); Albertsons, Inc. v. Howells, 518 So.2d 291 (Fla. 2d DCA 1987); Florida Cypress Gardens, Inc. v. Murphy, 471 So.2d 203 (Fla. 2d DCA 1985); New Life Acres, Inc. v. Strickland, 436 So.2d 391 (Fla. 5th DCA 1983) with Airocar, Inc. v. Goldman, 474 So.2d 269 (Fla. 4th DCA 1985); Nationwide Insurance Company, Pinellas County v. Monroe, 276 So.2d 547 (Fla. 2d DCA), cert. denied, 283 So.2d 366 (Fla. 1973).
Here there were no findings by the trial court as to whether the material and statements sought were prepared, as petitioners contend, in anticipation of litigation, in which case the privilege may be raised, or merely in the ordinary course of business, in which event there is no privilege. See Selected Risks Insurance Co. v. White, 447 So.2d 455 (Fla. 4th DCA 1984); Cotton States Mutual Insurance Co. v. Turtle Reef Associates, 444 So.2d 595 (Fla. 4th DCA 1984). Nor is there any authority supporting the respondent's argument that the petitioners are precluded from objecting *1135 to the discovery request because it responded by requesting the same items.
Therefore we grant certiorari, quash the order of the trial court compelling production, and remand for further proceedings.
DOWNEY and WALDEN, JJ., concur.