545 So.2d 502 (1989)
FIRST CITY DEVELOPMENTS OF FLORIDA, INC., a Florida Corporation; First City Developments Corp. of Boston, a Massachusetts Corporation; and First City Financial Corp., Ltd. of Vancouver, a Canadian Corporation, Petitioners,
v.
The HALLMARK OF HOLLYWOOD CONDOMINIUM ASSOCIATION, INC., Respondent.
No. 89-0217.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
Douglas C. Broeker of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for petitioners.
Alan S. Becker of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for respondent.
POLEN, Judge.
This cause is before us on a petition for writ of certiorari. The petition contests the propriety of the trial court's order overruling petitioners' objections to respondent's interrogatories, request for production of documents, and request for admissions. Although the same order deals with other issues, such as the sufficiency of service of process on petitioners, those issues are the subject of a separate, non-final appeal, and will not be treated in this opinion.
Petitioners' objections to the discovery sought by respondent fell generally into the following categories: attorney-client privilege, work product, trade secrets, or that the discovery was overly broad and burdensome. We find that the trial court departed from the essential requirements of law, and we therefore grant the petition in part.
The first of petitioners' arguments, that the trial court ruled on the matter without notice or hearing, is without merit. Once petitioners filed their objections to discovery, it was unnecessary for respondent to file a motion to compel. While such a motion would have been permissible, *503 it was equally permissible for respondent to notice the petitioners' objections for hearing, as was done in this matter. There is no rule of procedure or law that requires the trial court to have oral argument as to such objections; rather, the trial court may simply review the discovery sought, the objections thereto, and rule on said objections without the necessity of a hearing.
As to the propriety of the trial court's denial of petitioners' objections to discovery in total, the trial court departed from the essential requirements of law. Clearly, objections such as attorney-client privilege or work product are viable objections, although the petitioners have the burden of proving such privileges apply, should it become an issue before the trial court. Further, to the extent petitioners objected to discovery on the basis that it would require disclosure of trade secrets, we find that to require such disclosure would result in a "cat out of the bag" situation that would not be reparable on a plenary appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
Lastly, we turn our attention to petitioners' objections that some of the discovery sought was "overly broad" or "burdensome." Such objections, standing alone, would not constitute a basis for granting certiorari relief. Hartford Accident & Indemnity Company v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987). More importantly, such words of art have little meaning without substantive support. Is this objection raised because petitioners would be required to produce a railroad boxcar full of documents, or are they merely objecting to the production of a half-inch thick file folder? Since the trial court has to consider petitioners' other objections, it is incumbent upon petitioners to quantify for the trial court the manner in which such discovery might be overly broad or burdensome. They must be able to show the volume of documents, or the number of man-hours required in their production, or some other quantitative factor that would make it so.
We grant certiorari, quash the order of the trial court, and remand this cause for further consideration of petitioners' objections to the discovery sought, consistent with this opinion.
DOWNEY and GARRETT, JJ., concur.