PER CURIAM.
We treat the appeal from an order compelling discovery as a petition for writ of certiorari.
Petitioner claims that the discovery requested requires him to reveal trade secrets in the form of customer lists. However, he failed to present any evidence proving that the customer lists in this particular instance constituted trade secrets, although given an opportunity to do so by the trial court. Thus, petitioner has not shown that the trial court departed from the essential requirements of law. See First City Development of Florida, Inc. v. Hallmark of Hollywood Condominium Ass’n, Inc., 545 So.2d 502 (Fla. 4th DCA 1989); Toyota Motor Co. v. Moll, 391 So.2d 282 (Fla. 4th DCA 1980).
Petitioner also contends that the trial court departed from the essential requirements of law in compelling production of his personal financial information because there is no basis for awarding punitive damages. First, the harm that may result from disclosure of personal financial information is ordinarily not the type of irreparable harm contemplated in the standard of review for certiorari. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). Second, the complaint sought to recover as damages the amount of compensation petitioner has been paid as a result of his breach of the covenant not to compete and breach of fiduciary duties. The documents requested were relevant to the determination of those amounts, fifty percent of which were to be paid to the respondent as liquidated damages under the terms of the contract. Therefore, the discovery was relevant to the issue of compensatory damages.
Consequently, we deny the petition.
ANSTEAD, WARNER and GARRETT, JJ., concur.