GARRETT, Judge.
Petitioners seek to quash the trial court’s order compelling production of a sound video. The tape shows their expert (not yet designated for trial) performing and explaining tests on the Venetian blind and the adjustment cord which accidentally hanged petitioners’ two year old son. Petitioners offered to produce the blind and photographs of the blind attached to the window. Petitioners no longer live in the house where the accident occurred, but suggested that respondents with mere inconvenience can obtain a court order to gain access to view the window area.
We grant the petition and quash the order.
The videotape is petitioner’s “work product” as it was prepared in anticipation of litigation and trial. Insurance Company of North America v. Noya, 398 So.2d 836 (Fla. 5th DCA 1981). A “work product” item, even if relevant to the pending case, is discoverable “only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” Fla.R.Civ.P. 1.280(b)(3). Florida Rules of Civil Procedure 1.280(b)(4)(B) provides:
A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 1.360(b) [not applicable here], or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
We hold that the order of discovery departs from the essential requirements of law for it improperly compels production of “cat-out-of-the bag” information which will cause material injury to petitioners throughout the remainder of the proceedings below. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). Without any undue hardship respondents can obtain the blind, photographs, and access to the house as other means of discovery. Also, respondents can ferret out the videotape, the testing facts, and the expert’s opinions through case management or pretrial conferences if petitioners intend to use such evidence at trial. See Fla.R.Civ.P. 1.200.
*1081 CERTIORARI GRANTED; ORDER OF DISCOVERY QUASHED; CAUSE REMANDED.
ANSTEAD and GLICKSTEIN, JJ., concur.