580 So.2d 192 (1991)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Petitioner,
v.
Eugene HARMON and Edith Harmon, His Wife, Respondents.
No. 90-3467.
District Court of Appeal of Florida, Fourth District.
April 10, 1991.
Lori M. Ferman of Conroy, Simberg & Lewis, P.A., Hollywood, for petitioner.
Robert C. Groelle of Powers & McNalis, Lake Worth, for respondents.
PER CURIAM.
Petitioner challenged by way of certiorari an order of the trial court compelling the production of material petitioner claimed was privileged as work product or attorney/client privilege. We deny the petition. The record, as opposed to the unsupported statements in the petition, does not show that petitioner carried its burden of establishing that any particular document was privileged so as to preclude its production. See Surette v. Galiardo, 323 So.2d 53 (Fla. 4th DCA 1975). While petitioner claims that much of what was requested is work product, there is no showing whether the materials in question were prepared in anticipation of litigation with respondents or were investigations conducted during the normal business of evaluating the claim made by respondents, petitioner's insured. See e.g. Cotton States Mut. Ins. Co. v. Turtle Reef Associates, Inc., 444 So.2d 595 (Fla. 4th DCA 1984). Furthermore, nothing in the record indicates that any documents are protected by attorney/client privilege. If petitioner thought some documents might be protected by either privilege, it should have listed the specific documents *193 to which it claimed the privilege attaches. Otherwise, neither the trial court nor this court has anything specific to address.
DELL, GUNTHER and WARNER, JJ., concur.