585 So.2d 461 (1991)
FLORIDA SHERIFFS' SELF-INSURANCE FUND, Appellant,
v.
ESCAMBIA COUNTY, Florida, Appellee.
No. 91-1304.
District Court of Appeal of Florida, First District.
September 4, 1991.
Rehearing Denied September 30, 1991.
*462 John Cooper of Douglass, Cooper, Coppins & Powell, Tallahassee, for appellant.
Daniel M. Soloway of McKenzie, Millsap & Soloway, P.A., Pensacola, for appellee.

ORIGINAL JURISDICTION
PER CURIAM.
The Florida Sheriffs' Self-Insurance Fund (the "Fund") petitions for a writ of certiorari to review a non-final order granting the appellee's motion to produce six documents, production of which is resisted by the Fund based on the work product or attorney-client privilege, or both. The petition is denied.
The appellee, Escambia County, filed a complaint against the Fund seeking a declaratory judgment. At issue is the Funds' obligation under a liability policy written by the Fund to pay a judgment rendered against Escambia County in federal district court in a suit brought by an individual who was injured while in an Escambia County prison road camp. In the course of the inmate's litigation against the County the fund indicated that it provided coverage for any judgment against the County up to certain limits, and provided legal counsel for the County's defense. After judgment, however, the Fund notified the County that it provided no coverage. The County's complaint also seeks damages for breach of contractual and fiduciary duties and for bad faith. In addition, the County asserts a claim against Attorney Julius F. Parker for legal malpractice. Parker has a long-standing relationship with the Fund as its general counsel, and served as counsel of record for the County in the suit brought against Escambia County by the former prisoner. Parker represented Escambia County in its appeal to the Eleventh Circuit, which proved unsuccessful. The Fund paid Parker's trial and appellate fees.
To obtain a writ of certiorari, the Fund must show that the court below committed errors constituting a departure from the essential requirements of law. Because it is impossible to list all of the possible legal errors serious enough to constitute a departure from the essential requirements of law, the supreme court has explained that district courts are allowed a *463 large degree of discretion in passing on a petition for a writ of certiorari. Combs v. State, 436 So.2d 93, 95-96 (Fla. 1983). However, "[t]he district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Id. (Emphasis added). We note that orders relating to the scope of discovery are within the "wide discretion" of the trial court and should not be overturned absent departure from the essential requirements of law. Dickinson v. Wells, 454 So.2d 758, 759 (Fla. 1st DCA 1984). Further, the burden is upon the party asserting a privilege to establish the existence of each element of the privilege in question. Ehrhardt, Florida Evidence § 501.1 (2d Ed. 1984).
The trial court granted Escambia County's motion to compel production of the six documents in issue[1] upon a finding that Parker was engaged in a dual representation of the Fund and the County, and that a bad faith claim against the Fund had been alleged. Given these findings of fact, the trial court rejected the Fund's assertion that the documents are protected from discovery by virtue of the attorney-client privilege or the work product doctrine.
It is not clear from the Fund's petition which privilege is being asserted with respect to each of the six documents. The Fund's argument does not address each of the documents individually. The Fund cites Kujawa v. Manhattan National Life Insurance Co., 541 So.2d 1168 (Fla. 1989),[2] in which the supreme court held that the bad faith cause of action provided in section 624.155(1)(b)1, Florida Statutes (1985), did not abolish the attorney-client privilege or the work product immunity, and that, as concluded by the appellate court, since the relationship between the parties was adversarial, and not fiduciary, the insurance company was entitled to protection against disclosure of its files created after the claim was made by the insured's beneficiary.
The case before us is distinguishable from Kujawa. The relationship between the Fund and the County evolved from fiduciary to adversarial, or a combination of the two, with no clear line of demarcation separating them. The most critical distinction is made apparent by the trial court's finding of a dual representation by Parker. The Fund urges that after the coverage issue surfaced, Parker's representation of the County was confined to prosecuting the appeal, and that he was not advising the County on the matter of coverage. We will not attempt to draw such fine distinctions in this case, as apparently the trial court also refused to do. Instead, we find applicable the exceptions to the attorney-client privilege found in the Florida Evidence Code, section 90.502(4)(c) and (e), viz.:
(4) There is no lawyer-client privilege under this section when:
* * * * * *
(c) A communication is relevant to an issue of breach of duty by the lawyer to his client ..., arising from the lawyer-client relationship.
* * * * * *
(e) A communication is relevant to a matter of common interest between two or more clients, ... if the communication was made by any of them to a lawyer retained or consulted in common when offered in a civil action between the clients... .
As noted, the County has asserted a malpractice claim against Parker arising out of his handling of the underlying negligence litigation against the County both before and after the Fund's denial of coverage, and a bad faith claim against the Fund. The issues of coverage and possible settlement were matters of "common interest" to both the County and the Fund under the above quoted provision of the Evidence *464 Code, and, notwithstanding any purported limitations on the extent of Parker's representation of the County, he occupied the position of attorney for both clients. While we express no opinion as to the propriety or legality of any action by Parker, we find no abuse of discretion in the trial court's order requiring full disclosure under the circumstances.
The Fund having failed to demonstrate that the trial court departed from the essential requirements of law so as to amount to a miscarriage of justice, the petition for a writ of certiorari is DENIED.
ERVIN, SMITH and ALLEN, JJ., concur.
NOTES
[1] All the documents are from Parker's file in the negligence suit; three are copies of memorandums written by the co-administrator of the Fund, and three are copies of Parker's letters to the Fund.
[2] Approving the decision of the District Court of Appeal, Manhattan National Life Insurance Co. v. Kujawa, 522 So.2d 1078 (Fla. 4th DCA 1988).