**Kathleen J. BOYER, Plaintiff,**

v.

**The BOARD OF COUNTY COMMIS-SIONERS OF the COUNTY OF JOHNSON, Defendant.**

**No. 94–4078–SAC (Doc. 38).**

United States District Court,
D. Kansas.

Aug. 15, 1995.

Kirk W. Lowry, Palmer & Lowry, Topeka, KS, and David G. Summers and Richard E. McLeod, the McLeod Law Firm, Kansas City, MO, for plaintiff.

LeeAnne Hays Gillaspie, Johnson County Legal Dept., Olathe, KS, for defendant.

## MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

Now before the court is Plaintiff's Motion to Compel Discovery (doc. 38). Defendant has filed a response.

1. Deposition Transcript of Annice White at 6.

This is an action under 42 U.S.C. 1983 in which the plaintiff claims that the defendant unlawfully retaliated against her due to the exercise of her First Amendment right to speak out on matters of public concern while an employee of the defendant. She claims that she was demoted by the defendant, with conditions of employment established which led to her constructive discharge. This dispute arises from the January 31, 1995, deposition of Annice White, an employee of defendant and plaintiff's immediate supervisor at the time of the events in question. During the deposition, counsel for plaintiff asked Ms. White:

> Since she (counsel for defendant) said that you are not a representative of the county I'm entitled, at least in my opinion, to ask about what you two talked about. Can you tell me what you talked about with her? [1]

Defendant's counsel objected to the inquiry and instructed the witness not to answer on the grounds that the information sought is subject to the attorney-client privilege and is attorney work product. Plaintiff moves to compel Ms. White to answer the question.

Fed.R.Civ.P. 26(b)(1) provides:

> Parties may obtain discovery regarding any matter, *not privileged,* which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party ... [i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Privileged information otherwise relevant to the case may be withheld from disclosure. *Baldrige v. Shapiro,* 455 U.S. 345, 102 S.Ct. 1103, 71 L.Ed.2d 199 (1982). The party asserting work product immunity or attorney-client privilege bears the burden of establishing that either or both apply. *Barclaysamerican Corporation v. Kane,* 746

F.2d 653, 656 (9th Cir.1984); *Casson Construction Company v. Armco Steel Corporation*, 91 F.R.D. 376, 384 (D.Kan.1980).

■ To qualify as work product, the materials sought must be (1) a document or tangible thing, (2) which was prepared in anticipation of litigation (3) by or for a party, or by or for its representative. Fed.R.Civ.P. 26(b)(3); *Bohannon v. Honda Motor Company, Ltd.*, 127 F.R.D. 536 (D.Kan.1989); *Compagnie Francaise D'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Company*, 105 F.R.D. 16, 41 (S.D.N.Y.1984).

■ The work product protection applies to the discovery of **documents** and **tangible things** and not to non-documentary discovery such as facts orally elicited from witnesses. Therefore, defendant's objection on this ground is overruled.

■ The court turns now to the claim of attorney-client privilege. "Fed.R.Evid. 501 provides that 'the privilege of a witness ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience.' The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. 8 J Wigmore, Evidence § 2290 (McNaughton rev. 1961). Its purpose is to encourage full and frank communications between attorneys and their clients and, thereby, promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client." *Id.* Where a corporation asserts the privilege, the concept of client is more complicated because the corporation cannot act except through agents. *Id.* at 389–90, 101 S.Ct. at 682–83. In *Upjohn*, the Supreme Court recognized that the attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of.information to the lawyer to enable him to give sound and informed advice." *Id.* at 390, 101 S.Ct. at 683. Corporate counsel must be able to obtain information from multiple levels of the corporation in order to adequately address legal problems of the corporate client. The Court, therefore, rejected the previous narrow scope afforded the attorney-client privilege in the corporate context in favor of a more flexible approach. 449 U.S. at 392–394, 101 S.Ct. at 684–85. Application of the attorney-client privilege must be determined on a case-by-case basis. *Id.*

While the Court in *Upjohn* declined to enunciate a set of rules for applying the attorney-client privilege in the corporate context, the focus of the inquiry clearly must be whether the communications were made at the request of management in order to allow the corporation to secure legal advice. The issue involves not only consideration of the position of the employee with whom the communication is had, but also the context of the communication.

Plaintiff urges the court to apply the "new managing-speaking agent test" articulated in *Chancellor v. Boeing Company*, 678 F.Supp. 250 (D.Kan.1988). Plaintiff contends that since Ms. White was not in a supervisory position at the time of her deposition, and did not have authority to enter into contracts on behalf of the county or bind the county, she is not a "managing-speaking agent" of defendant, and therefore, conversations with defendant's counsel are not subject to the attorney-client privilege. The court finds *Chancellor* inapplicable to facts now before it. In *Chancellor*, the court was presented with the issue of whether a corporate employee was a "party" under DR 7–104(A)(1) and, thus, protected from *ex parte* contact by the adverse party's attorney. The court does not consider the inquiry related to determining whether a corporate employee is a "party" for *ex parte* contact purposes to be identical to that of determining whether a communication with an employee is protected from disclosure by the attorney-client privilege. Further, the "management-speaking agent" test

does not address all of the concerns expressed in *Upjohn*. The "management-speaking agent" inquiry focuses only on the status of the employee and does not consider the context of the communication. While not directly in issue in *Upjohn*, the Court recognized that the IRS, the adverse party therein, was free to contact directly the very employees from whom the statements which the Court found protected by attorney-client privilege had been taken.

■ The court will apply a two-part analysis which considers not only the status of the employee but the context of the communications. Ms. White was director of the Area Agency on Aging, a supervisory position, during the time period relevant in this case. She was plaintiff's direct supervisor at the time of the events in issue. She was an obvious primary source for information concerning the facts underlying the plaintiff's claims and the defendant's defenses.

Corporate counsel can only obtain the information available to the corporation by inquiry of corporate employees who have that knowledge. Corporations do not act solely through employees who have sufficient status to bind the corporation in a legal evidentiary sense, but through all employees acting within the scope of their employment. Frequently such employees include even lower-level employees.

At the time of the occurrences, the employee/witness was the plaintiff's direct supervisor. The communication in issue occurred during a pre-deposition conference in which defendant's counsel was not only obtaining the knowledge of the witness, but preparing the witness for her deposition. The witness was then an employee of the defendant and was being produced by the county for deposition. The inquiry of plaintiff's counsel had nothing to do with the underlying facts of the case but rather seeks communications between the witness and counsel during the private conference. Specifically, the inquiry requests the substance of all communications by the witness to the attorney. Considering the principles reviewed in *Upjohn*, the status of the employee, and the context of the communications, the court determines that the communications are privileged. Plaintiff is entitled to inquire concerning the facts of the case. Inquiry concerning communications with the attorney are privileged.

The court feels compelled to comment on the tone and substance of the response to the motion herein. The first three pages (Introduction) of the eight page memorandum purport to "set the record straight in response to patently false misrepresentations of fact contained in Plaintiff's Motion to Compel." However, the "Introduction" only tangentially references matters related to the dispute before the court. The style, tone and approach used does not comply with the standards regularly expected of counsel practicing before this court. The court expects counsel to address the issues in dispute and to vigorously represent their clients. However, direct attacks on opposing counsel are rarely justified and are generally disfavored by the court. Counsel's use of accusatory language is clearly outside the permitted limits for advocacy in this court. This approach is nothing more than an attempt to divert the court's attention from the real issues to be determined. Counsel's time and effort should have been devoted solely to presenting her client's position in the most direct, clear, concise and persuasive manner, properly supported by applicable legal authority.

In summary, Plaintiff's Motion to Compel Discovery (doc. 38) is overruled.

Copies of this order shall be mailed to all counsel of record and unrepresented parties.

IT IS SO ORDERED.