696 So.2d 855 (1997)
WAL-MART STORES, INC., Petitioner,
v.
Jill WEEKS and Billie A. Weeks, Respondents.
No. 96-03874.
District Court of Appeal of Florida, Second District.
April 25, 1997.
Jeffrey P. Gill and Tracey Scalfano Witt of Bridgers, Gill & Holman, Pensacola, for Petitioner.
Jeanette Martinez of the Law Office of Frederick C. Kramer, Marco Island, for Respondents.
*856 PER CURIAM.
Wal-Mart Stores, Inc. has filed a petition for writ of certiorari seeking to quash an order of the trial court compelling it to respond to pre-trial discovery in a personal injury action. Wal-Mart objected to several requests for production and to interrogatories presented by plaintiffs-below, Jill Weeks and Billie A. Weeks, (hereinafter collectively "Weeks"). It is asserted that the documents and information sought[1] are protected by a qualified work product privilege. The petition is granted in part and denied in part.
In response to the objection to production, Weeks filed a motion to compel which challenged the status of the documents. At that time, the burden of proof was shifted to Wal-Mart to demonstrate that the qualified privilege was applicable. See DeBartolo-Aventura, Inc. v. Hernandez, 638 So.2d 988, 990 (Fla. 3d DCA 1994); Surette v. Galiardo, 323 So.2d 53, 58 (Fla. 4th DCA 1975). Wal-Mart concedes that no court reporter was present at the hearing on the motion to compel. However, it is undisputed that Wal-Mart argued to the trial court that under the dictates of Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), review denied, 446 So.2d 100 (Fla.1984), and Florida Rule of Civil Procedure 1.280(b)(3), the items and information requested are nondiscoverable work product. There is no evidence of record that any documentation was presented to the trial court to support the assertion that the items requested and the statements to be produced constitute work product. In fact, Wal-Mart argues that its stated objection and assertion of work product privilege are sufficient in and of themselves to invoke the qualified privilege. It is undisputed that Wal-Mart did not present any additional argument in support of its position.
The standard of review for a petition for writ of certiorari is whether the trial court departed from the essential requirements of law. In the case of an order regarding discovery, the trial court has broad discretion. Only when an order allowing discovery constitutes an abuse of discretion which would cause irreparable damage which cannot be remedied on appeal should the ruling be set aside. American Southern Co. v. Tinter, Inc., 565 So.2d 891 (Fla. 3d DCA 1990); Lorei v. Smith, 464 So.2d 1330 (Fla. 2d DCA), review denied, 475 So.2d 695 (Fla. 1985).
Clearly, in response to the motion to compel, Wal-Mart has failed to meet its burden of demonstrating that the materials which are the subject of the request to produce were prepared in anticipation of litigation. See Nationwide Mut. Fire Ins. Co. v. Harmon, 580 So.2d 192 (Fla. 4th DCA 1991). Wal-Mart cannot make a blanket statement that these items were prepared in anticipation of litigation and are protected from disclosure without presenting evidence to support its claim. See Hartford Accident and Indemnity Co., v. McGann, 402 So.2d 1361 (Fla. 4th DCA 1981); Kenleigh Assocs. v. Harris-Intertype Corp., 279 So.2d 373 (Fla. 3d DCA 1973). The trial court cannot be held to have abused its discretion when Wal-Mart failed to meet its burden of proof. The petition is denied as to the requests for production which are the subject of this petition.
With regard to the interrogatories, the trial court has departed from the essential requirements of law in one respect. The entry of the order compelling Wal-Mart to *857 supply Weeks with the substance of statements taken or given by its employees, agents, or attorneys regarding the alleged accident does constitute an abuse of discretion. This court has held that statements made by witnesses to, and statements made by, a party or its agents are nondiscoverable work product. See Florida Cypress Gardens, Inc. v. Murphy, 471 So.2d 203, 205 (Fla. 2d DCA 1985); Winn-Dixie Stores, Inc. v. Gonyea, 455 So.2d 1342, 1344 (Fla. 2d DCA 1984). There has been no showing of the "rare and exceptional circumstances" necessary to authorize the trial court's order requiring Wal-Mart to produce the statements. See Surf Drugs, Inc. v. Vermette, 236 So.2d 108, 113 (Fla.1970); Dade County School Bd. v. Soler, 534 So.2d 884, 885 (Fla. 3d DCA 1988). However, the trial court correctly held that Wal-Mart may be compelled to provide the names and addresses of individuals who have furnished statements in anticipation of litigation. See Cunningham v. Anchor Hocking Corp., 558 So.2d 93, 100 (Fla. 1st DCA), review denied, 574 So.2d 139 (Fla.1990); Soler, 534 So.2d at 885. Consequently, the petition is granted as to the portion of the order requiring Wal-Mart to give the substance of statements taken by or given to its agents concerning the subject accident and is otherwise denied as it relates to the interrogatories.
Accordingly, the petition for writ of certiorari is denied in part and granted in part. That portion of the order requiring Wal-Mart to provide Weeks with the substance of the statements it has taken or given concerning this litigation is quashed.
DANAHY, A.C.J., and PATTERSON and WHATLEY, JJ., concur.
NOTES
[1] The three requests for production and two interrogatories which are at issue in this matter are stated below:

3. Copies of all claims files maintained by you in the course of business, for the subject accident.
7. Copies of any and all incident reports, internal memoranda, and the like concerning the subject accident.
8. Copies of any and all incident reports, internal memoranda, and the like concerning similar incidents that have occurred in the Defendant's premises in the past two years.
....
6. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.
7. Describe in detail any statements made by you, your agents, or third parties, regarding the allegations of the complaint.