CASANUEVA, Judge.
The .petitioners are the plaintiffs in a medical malpractice lawsuit brought against the respondents. They filed this petition for certiorari during the discovery process when the trial court granted certain defendants’ motion to compel and ordered the plaintiffs to answer ten interrogatories posed by these defendants. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.100. See also Wal-Mart Stores, Inc. v. Weeks, 696 So.2d 855 (Fla. 2d DCA 1997). We grant the petition in part and deny it in part, striking only so much of the order that directs the plaintiffs to answer one interrogatory. We find that the trial court did not otherwise depart from the essential requirements of law in compelling the plaintiffs to answer the remaining nine interrogatories, ordering them to utilize the assistance of counsel and/or any experts necessary to formulate their responses, requiring an indication of which plaintiff was responding to the discovery requests, requiring the responding plaintiff to sign his or her answers under oath, and allowing the plaintiffs to qualify their answers as necessary.
We set forth only the one interrogatory we find objectionable. Although it is propounded by defendant/respondent Dr. Schulman, it is representative of interrogatories of other defendants that suffer from the same defect:
*274 Interrogatory Number 23: Please identify with specificity and particularity each and every document or evidentiary object that the Plaintiff or Plaintiffs attorneys, investigators or agents have in their possession, or reasonably believe may bé in their possession, which may contain information pertaining to or evidencing any of the matters raised in the Complaint or pertaining to or evidencing any act or omission on the part of Bebe Schulman, M.D., which the Plaintiff or Plaintiffs attorneys contend contributed to any injury to Plaintiff or the Plaintiffs damages. With respect to each document or object identified, please identify by name, business and residence, occupation, employer, and last known whereabouts, the present custodian thereof or such persons as the Plaintiff, Plaintiffs attorneys, investigators and agents reasonably believe might possess the document or object, or a copy thereof. This request specifically includes, but is not limited to, all documents or exhibits that the Plaintiff or Plaintiffs attorneys might conceivably offer as evidence at trial.
Although it is impossible to give a precise definition of “attorney work product” that can be applied to all situations, it can be generally defined as
[pjersonal views of the attorneys as to how and when to present evidence, his evaluation of its relative importance, his knowledge of which witness will give certain testimony, personal notes and records as to witnesses, jurors, legal citations, proposed arguments, jury instructions, diagrams and charts he may refer to at trial for his convenience, but not to be used as evidence....
Surf Drugs, Inc. v. Vermette, 236 So.2d 108, 112 (Fla.1970). In Northup v. Howard W. Acken, M.D., P.A., 865 So.2d 1267, 1270 (Fla.2004), our supreme court reiterated that those items a party “reasonably expect[s] or intend[s]” to utilize at trial are fully discoverable. However, this interrogatory requests items that a party “might conceivably offer as evidence” at trial, which do not meet the standard and are, accordingly, not discoverable. Thus, interrogatory number 23 is overbroad and improperly seeks information protected by the attorney work product privilege.
We grant the petition and strike that part of the trial court’s order compelling an answer to interrogatory number 23. In all other respects the petition for certiorari is denied.
COVINGTON and WALLACE, JJ., concur.