PER CURIAM.
Petitioner Honey Transport, Inc. seeks certiorari review of a circuit court order compelling production of purportedly work-product documents. The documents at issue are (1) photographs of the two vehicles involved in an automobile accident between Leafar Ruiz, respondent and plaintiff below, and a Honey Transport vehicle driven by employee Michael Vene-zia and (2) statements made by Michael Venezia to his employer regarding the accident. Honey objects, maintaining that the items sought are both protected by the work-product privilege.
With respect to discovery of photographs of the subject vehicles, this court considered a similar issue in Waste Management, Inc. of Florida v. Southern Bell Telephone & Telegraph Co., 544 So.2d 1133 (Fla. 4th DCA 1989). In Waste Management, Inc., this court granted certiorari relief after the trial court compelled the discovery of photographs without making any findings “as to whether the material and statements sought were prepared ... in anticipation of litigation, in which case the privilege may be raised ....” Id. at 1134; see also Home v. K-Mart Corp., 558 So.2d 1079 (Fla. 4th DCA)(holding a videotape made in anticipation of litigation was protected by the work-product rule and required a showing of need and undue hardship to compel discovery), rev. denied, 569 So.2d 1279 (Fla.1990). Based on these two cases, and others like it in other jurisdictions, it appears the photographs in question in the instant case could qualify for work-product protection, thus requiring the court to take evidence and make findings of fact concerning “need” and “undue hardship.” See Falco v. N. Shore Lab. Corp., 866 So.2d 1255 (Fla. 1st DCA 2004); CSX Transp., Inc. v. Carpenter, 725 So.2d 434 (Fla. 2d DCA 1999).
The court below did not specifically declare that the photographs were created in anticipation of litigation, which appears to be a required first step in this process. If the photographs were taken in anticipation of litigation, then plaintiff would then need to make a sufficient showing to the court that he has the need for these photographs and could not obtain the same without undue hardship. See Home, 558 So.2d at 1080 (granting certiorari relief to quash order compelling discovery because the movant had not shown “any undue hardship” to obtain certain photographs and other items).
Similarly, witness statements made by Venezia to his employer may also be protected by the work-product privilege. In Karch v. MacKay, 453 So.2d 452, 453 (Fla. 4th DCA 1984), this court determined that “absent very unusual circumstances, statements obtained by an employer regarding an accident in anticipation of litigation are work product and not subject to adversarial discovery.” The trial court did not specifically declare whether or not Venezia’s statements are work-product, nor whether Ruiz has demonstrated a “very unusual circumstance” entitling him to the documents.
Accordingly, the circuit court’s order is quashed and the cause is remanded for further proceedings. On remand, the trial court should determine whether the documents at issue were prepared in anticipation of litigation and make appropriate findings of fact regarding whether the documents are protected by the work-product privilege. If the trial court determines that the documents are protected by the work-product privilege, it should then determine whether Ruiz has made a suffi- *663 dent showing of need and undue hardship to obtain the documents.
STONE, POLEN and SHAHOOD, JJ., concur.