54 So.3d 612 (2011)
UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD., Petitioner,
v.
Michael PUPILLO, etc., et al., Respondent.
No. 5D10-2491.
District Court of Appeal of Florida, Fifth District.
February 18, 2011.
*613 Nicholas D. Freeman, of Wilson Elser Moskowitz Edelman & Dicker LLP, Orlando, for Petitioner.
Nicholas A. Shannin, of Page, Eichenblatt, Bernbaum & Bennett, P.A., Orlando, for Respondent.
ORFINGER, J.
Petitioner, Universal City Development Partners, Ltd., seeks certiorari review of an order denying, in part, its objection to the production of certain accident/incident reports. We grant the petition in part.
The underlying suit involves a battery claim brought by Respondent, Michael Pupillo, against Universal and Creed D. McClelland. In his suit, Pupillo alleged that while watching a parade at Universal Studios, McClelland, an Orlando police officer working a private security detail at Universal Studios, pushed him against a barricade, choked him, and forced him to the ground. During the course of discovery, Pupillo requested Universal to produce:
Request number 5.
A true and correct copy of any and all incident/incident [sic] report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject incident and for three (3) years prior to the date of incident and one (1) year subsequent to the date of incident in a manner similar to that alleged in the complaint....
Universal objected to the request, arguing that the work product privilege protects its incident reports.[1]
At the hearing on the motion, Pupillo admitted that the report concerning his incident was privileged, but argued that not all incident reports are privileged and that he was entitled to incident reports for the three years preceding his incident for any substantially similar incidents. He alleged that during his own investigation, he had discovered that McClelland had committed battery on another patron six days before the instant incident. He *614 argued that the incident reports were relevant to his vicarious liability claim and would help him establish that Universal's procedures for crowd control and "the way they operated their premises made it unsafe." Finally, and most significantly, Pupillo contended that he was unable to obtain substantially equivalent material without undue hardship. The trial court agreed, and required Universal to produce the requested information after redacting all patrons' names, addresses, and social security numbers from the reports. The instant petition followed.
Universal argues the trial court departed from the essential requirements of the law by requiring disclosure of reports that are protected by the work product privilege. We agree. Under Florida Rule of Civil Procedure 1.280(b)(3), a party may obtain discovery of an opposing party's "documents ... prepared in anticipation of litigation ... only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." See generally S. Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1385 (Fla.1994). To make that showing, Pupillo argued only that information about prior incidents was within the scope of discovery, that such information is known to Universal, but not to him, and he is unable to obtain substantial equivalent material without due hardship. Thus, Pupillo contends that he was entitled to production of the incident reports. See DeBartolo-Aventura, Inc. v. Hernandez, 638 So.2d 988, 989 (Fla. 3d DCA 1994).
"The rationale supporting the work product doctrine is that `one party is not entitled to prepare his case through the investigative work product of his adversary where the same or similar information is available through ordinary investigative techniques and discovery procedures.'" Deason, 632 So.2d at 1384 (quoting Dodson v. Persell, 390 So.2d 704, 708 (Fla. 1980)). If the moving party fails to show that the substantial equivalent of the material cannot be obtained by other means, the discovery will be denied. Id. at 1385. Pupillo's showing here was insufficient. Despite his claim, Pupillo can use the ordinary tools of discovery to learn the facts of the incident that he was involved in as well as the facts of the prior incidents on the property. This can be accomplished by interrogatories and depositions directed to the defendants. The documents are privileged, not the facts about which they pertain. Pupillo may also direct discovery or public records requests to the law enforcement agencies that have jurisdiction at Universal Studios. "The fact that the incident report might yield additional information about the incident is not enough, without more, to show `undue hardship.'" Mt. Sinai Med. Ctr. v. Schulte, 546 So.2d 37, 38 (Fla. 3d DCA 1989); see generally DeBartolo-Aventura, 638 So.2d at 989-90; State Farm Fire & Cas. Co. v. Von Hohenberg, 595 So.2d 303, 304 (Fla. 3d DCA 1992); Dade County Pub. Health Trust v. Zaidman, 447 So.2d 282, 283 (Fla. 3d DCA 1983); Charles W. Ehrhardt, Florida Evidence § 502.9 (2010 ed.).
For these reasons, we grant the petition and quash the trial court's order as to Pupillo's request to produce number 5, but deny it in all other respects.
GRANTED in part; DENIED in part.
GRIFFIN, J., concurs.
SAWAYA, J., concurs in part and dissents in part, with opinion.
SAWAYA, J., concurring in part; dissenting in part.
I agree with that part of the majority opinion that denies the Petition for Certiorari. *615 I respectfully disagree with that part of the majority opinion that grants the Petition. If, as the majority contends, the decision whether to grant or deny certiorari regarding the requested incident reports is to be based on a party's failure to meet the burden of presenting competent, substantial evidence, that failure lies on the part of Petitioner. The order we review emanates from a rehearing granted pursuant to Petitioner's Motion for Rehearing necessitated by the failure of Petitioner's counsel to appear at the originally scheduled hearing held some eleven months previous. The rehearing was granted to allow Petitioner an opportunity to show why the requested documents should not be disclosed. The argument advanced by Petitioner regarding the work-product privilege consists of the following statement made by Petitioner's counsel: "Well, all incident reports are work product, Your Honor." No testimony or evidence of any kind was submitted by Petitioner to support this argument, if it can be called an argument.
The courts have consistently held that the claimant of the work-product privilege has the burden of presenting competent, substantial evidence to establish that the incident reports were prepared in anticipation of litigation. In Wal-Mart Stores, Inc. v. Weeks, 696 So.2d 855 (Fla. 2d DCA 1997), for example, the court rejected an argument almost identical to the argument made by Petitioner in the instant case. In Weeks, the defendant, Wal-Mart, sought certiorari review of a trial court order compelling it to produce "[c]opies of any and all incident reports, internal memoranda, and the like concerning similar incidents that have occurred in the Defendant's premises in the past two years." Id. at 856. The court denied the petition because Wal-Mart failed to present competent, substantial evidence to show the reports were prepared in anticipation of litigation, and explained:
[I]t is undisputed that Wal-Mart argued to the trial court that under the dictates of Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), review denied, 446 So.2d 100 (Fla.1984), and Florida Rule of Civil Procedure 1.280(b)(3), the items and information requested are nondiscoverable work product. There is no evidence of record that any documentation was presented to the trial court to support the assertion that the items requested and the statements to be produced constitute work product. In fact, Wal-Mart argues that its stated objection and assertion of work product privilege are sufficient in and of themselves to invoke the qualified privilege. It is undisputed that Wal-Mart did not present any additional argument in support of its position.
....
... Wal-Mart cannot make a blanket statement that these items were prepared in anticipation of litigation and are protected from disclosure without presenting evidence to support its claim. See Hartford Accident and Indemnity Co., v. McGann, 402 So.2d 1361 (Fla. 4th DCA 1981); Kenleigh Assocs. v. Harris-Intertype Corp., 279 So.2d 373 (Fla. 3d DCA 1973). The trial court cannot be held to have abused its discretion when Wal-Mart failed to meet its burden of proof. The petition is denied as to the requests for production which are the subject of this petition.
Id. The cases are legion. E.g. S. Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1385, 1386 (Fla.1994) ("Southern Bell argues, alternatively, that the panel recommendations are protected as work product.... Although Southern Bell has proven that the employee interviews were conducted in anticipation of litigation, it has not proven *616 that the panel recommendations were prepared for anything other than management's decision to consider whether [it] should discipline company employees."); Marshalls of MA, Inc. v. Minsal, 932 So.2d 444 (Fla. 3d DCA 2006) (holding that the party asserting the work-product privilege must present substantial, competent evidence in the form of testimony or evidence to establish that the requested incident reports were prepared in anticipation of litigation); Liberty Mut. Fire Ins. Co. v. Kaufman, 885 So.2d 905, 910 (Fla. 3d DCA 2004) (holding that a party objecting to discovery on the basis of the work-product doctrine "maintains the burden to show that the materials were compiled in response to some event which foreseeably could be made the basis of a claim against the insured"); Carnival Corp. v. Romero, 710 So.2d 690, 695 (Fla. 5th DCA 1998) ("We conclude that Carnival in this case failed to carry its burden of establishing that the attorney-client and work-product privileges apply to Harris or Jamerson, and that the trial court departed from the essential requirements of law in denying the blanket, general disqualification."); Fla. Sheriffs' Self-Ins. Fund v. Escambia County, 585 So.2d 461, 463 (Fla. 1st DCA 1991) (holding that when objections to discovery requests are based on either the work-product doctrine or the attorney-client privilege, "the burden is upon the party asserting a privilege to establish the existence of each element of the privilege in question"); Nationwide Mut. Fire Ins. Co. v. Harmon, 580 So.2d 192, 192 (Fla. 4th DCA 1991) (holding that the petitioner did not meet its burden of establishing that the requested materials were work product prepared in anticipation of litigation); First City Devs. of Fla., Inc. v. Hallmark of Hollywood Condo. Ass'n, Inc., 545 So.2d 502, 503 (Fla. 4th DCA 1989) ("[O]bjections such as attorney-client privilege or work product are viable objections, although the petitioners have the burden of proving such privileges apply, should it become an issue before the trial court."); Hartford Acc. & Indem. Co. v. McGann, 402 So.2d 1361, 1362 (Fla. 4th DCA 1981) ("If objection is made necessitating a court hearing, then in the case of a party objecting on grounds of the work product privilege, that party has the burden, first of showing the privilege."); Surette v. Galiardo, 323 So.2d 53, 58 (Fla. 4th DCA 1975) ("Since the rules of discovery permit a party to secure the production of documents for trial, the [b]urden of establishing that the particular document is privileged and precluded from discovery [r]ests on the party asserting that privilege (unless it appears from the face of the document sought to be produced that it is privileged)."); Charles W. Erhardt, Florida Evidence, § 501.1 at 340 (2007 ed.) ("The burden is upon the party asserting a privilege to establish the existence of each element of the privilege in question.").
Rule 1.280, Florida Rules of Civil Procedure, is derived from Federal Rule of Civil Procedure 26, and their provisions are very similar. Federal courts have interpreted Rule 26 to require the party asserting work-product privilege to produce evidence that the requested documents were prepared in anticipation of litigation. See McCoo v. Denny's Inc., 192 F.R.D. 675, 683 (D.Kan.2000); Boyer v. Bd. of County Comm'rs, 162 F.R.D. 687 (D.Kan.1995). In McCoo, for example, the court held:
The Court is also not persuaded by Denny's argument that the statements are protected by work product immunity. Although Denny's has satisfied the first two elements of the work product doctrine, i.e., that the statements are documents and that they were prepared by a party, it has not satisfied the third element that they were "prepared in anticipation of litigation." See Bohannon *617 v. Honda Motor Co. Ltd., 127 F.R.D. 536, 538-39 (D.Kan.1989) (setting forth the elements of work product immunity); Fed.R.Civ.P. 26(b)(3).
"It is well settled that the party seeking to invoke work product immunity... has the burden to establish all elements of the immunity ... and that this burden `can be met only by an evidentiary showing based on competent evidence.'" Johnson v. Gmeinder, Nos. 98-2556-GTV, 98-2585-GTV, 2000 WL 133434, at *4 (D.Kan. Jan.20, 2000) (quoting Audiotext Communications Network, Inc. v. U.S. Telecom, Inc., No. 94-2395-GTV, 1995 WL 625962, at *7 (D.Kan. Oct.5, 1995)) (emphasis added by Johnson). Accord National Union Fire Ins. Co. v. Midland Bancor, Inc., 159 F.R.D. 562, 567 (D.Kan.1994). That burden "cannot be `discharged by mere conclusory or ipse dixit assertions.'" Johnson, 2000 WL 133434, at *4 (quoting Audiotext, 1995 WL 625962, at *7 (quoting Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 470 (S.D.N.Y. 1993))).
192 F.R.D. at 683; see also von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 144 (2d Cir.), cert. denied sub nom. Reynolds v. von Bulow by Auersperg, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987); Hodges, Grant & Kaufmann v. United States, 768 F.2d 719, 721 (5th Cir.1985) ("The burden of establishing that a document is work product is on the party who asserts the claim....").
Hence, mere argument by trial counsel that the incident reports are work product does not constitute substantial, competent evidence.[2] Unless the claimant of the privilege properly establishes that the privilege exists in the first place, the party requesting the documents has no burden to meet.
The record reveals that Respondent filed its Motion to Compel on February 13, 2008, seeking disclosure of the incident reports identified in a request to produce that Respondent filed contemporaneously with the complaint. The initial hearing on the Motion to Compel was held on July 29, 2009. No mention of the work-product privilege was made by Respondent until some eleven months later when it filed its Memorandum in support of its motion for rehearing. That Memorandum was filed six days prior to the rehearing held on June 16, 2010. When the hearing took place, not only did the Petitioner fail to present any evidence to meet its burden of proof, it made an erroneous argument when it asserted that all incident reports are privileged. The courts have held that incident reports may be work product and *618 privileged only if they are prepared in anticipation of litigation, as specifically required by rule 1.280(b)(3), Florida Rules of Civil Procedure. See Marshalls of MA, Inc., 932 So.2d at 446 ("Incident reports may be prepared for a purpose other than in anticipation of litigation, and when this is so, the reports are not work product."); Weeks; DeBartolo-Aventura, Inc. v. Hernandez, 638 So.2d 988, 990 n. 2 (Fla. 3d DCA 1994) ("Defendants argue that as a matter of law, incident reports are invariably work product. That is not so."); see also Neighborhood Health P'ship, Inc. v. Peter F. Merkle M.D., P.A., 8 So.3d 1180, 1185 (Fla. 4th DCA 2009) ("We must not forget that the work product doctrine was created as a litigation privilege. It was never meant to apply to ordinary, routine, business-as-usual communications."). Petitioner's reliance on Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), pet. for review denied, 446 So.2d 100 (Fla.1984), a case involving reports of slip and fall accidents, is misplaced. Nakutis does not hold that all incident reports are work product, and to interpret that case as Petitioner does extends the contours of the Nakutis holding too far. See Weeks.
If the majority is going to require Respondent to meet its burden of proof, it should require Petitioner to first meet its burden of proof. Because Petitioner failed to show by competent, substantial evidence that the requested incident reports were prepared in anticipation of litigation, there was no burden for Respondent to meet, and the trial court did not depart from the essential requirements of the law in ordering disclosure of the requested incident reports. Therefore, the Petition for Certiorari should be denied. In the alternative, this court should resolve the matter, as other courts have done, by remanding the case to the trial court to give both parties a fair opportunity to meet their respective burdens. See Honey Transport, Inc. v. Ruiz, 893 So.2d 661 (Fla. 4th DCA 2005); Falco v. N. Shore Labs. Corp., 866 So.2d 1255 (Fla. 1st DCA 2004).
NOTES
[1] Universal also objected to several other discovery requests; however, these are either not at issue in the instant petition or do not meet the standard for certiorari.
[2] Testimony in the form of affidavits and depositions showing that the documents were prepared in anticipation of litigation, for example, may be considered substantial, competent evidence and are typically introduced to establish the privilege, but Petitioner presented no evidence of any kind. Cf. Orange Park Christian Acad. v. Russell, 899 So.2d 1215, 1215 (Fla. 1st DCA 2005) ("[B]oth the teacher and principal gave deposition testimony indicating that each had contemplated litigation at the time the documents were prepared."); McRae's, Inc. v. Moreland, 765 So.2d 196, 197 (Fla. 1st DCA 2000) ("According to the affidavit of Petitioner's corporate director of loss prevention, statements were taken from employees in preparation for litigation by the terminated employee involved in the incident or by the girl who was changing in the dressing room at the time. These statements were maintained in McRae's corporate litigation file. Respondents presented no evidence to rebut Petitioner's affidavit."); Nat'l Union Fire Ins. Co. v. Fla. Const., Commerce & Indus. Self Insurers Fund, 720 So.2d 535, 537 (Fla. 2d DCA 1998) ("We find unrefuted evidence in the affidavit by Dwain Darrien, National Union's claims manager, that the items were prepared in anticipation of litigation, and therefore, a limited privilege attaches to them.").